[Cite as *Hamrick v. Ramalia*, 2012-Ohio-1953.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97385**

## TAMMY HAMRICK

PLAINTIFF-APPELLANT

vs.

## WILLIAM A. RAMALIA

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-756847

**BEFORE:** Blackmon, A.J., Stewart, J., and Jones, J.
**RELEASED AND JOURNALIZED:** May 3, 2012

**ATTORNEYS FOR APPELLANT**

Daniel P. Lang
5579 Pearl Road, Suite 203
Parma, Ohio 44129

Michael V. Heffernan
75 Public Square, Suite 700
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Christopher J. Ankuda
815 Superior Avenue, East
1615 Superior Building
Cleveland, Ohio 44114

PATRICIA ANN BLACKMON, A.J.:

**{¶1}** Appellant Tammy Hamrick appeals the trial court's dismissal of her complaint with prejudice and assigns the following error for our review:

> **I. The trial court abused its discretion in granting defendant's motion to dismiss under Civ.R. 12(B)(6).**

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

**{¶3}** On June 14, 2004, Hamrick's and Ramalia's motor vehicles collided. On June 12, 2006, Hamrick filed a complaint, hereinafter referred to as *Hamrick* I, against Ramalia for injuries allegedly sustained in the collision. On June 4, 2008, the parties filed a joint stipulation dismissing *Hamrick* I without prejudice.

**{¶4}** On June 28, 2009, Hamrick refiled her complaint, hereinafter referred to as *Hamrick* II, against Ramalia. On June 7, 2010, Hamrick voluntarily dismissed *Hamrick* II by means of a Civ.R. 41(A)(1)(a) notice of dismissal. On June 5, 2011, Hamrick again refiled her complaint, hereinafter referred to as *Hamrick* III, against Ramalia.

**{¶5}** On July 7, 2011, Ramalia filed a motion to dismiss *Hamrick* III. In the motion, Ramalia argued *Hamrick* III was beyond the two-year statute of limitations and beyond the additional one year allowed under Ohio's Saving's Statute. Hamrick opposed the motion, but on September 7, 2011, the trial court granted Ramalia's motion to dismiss *Hamrick* III with prejudice.

## Motion to Dismiss

**{¶6}** In the sole assigned error, Hamrick argues the trial court erred in dismissing *Hamrick* III with prejudice. We disagree.

**{¶7}** As an appellate court, we review a trial court's dismissal of a case with prejudice for an abuse of discretion. *Autovest, L.L.C. v. Swanson*, 8th Dist. No. 88803, 2007-Ohio-3921, at ¶ 18. An abuse of discretion is more than a mere error in judgment but connotes an attitude that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶8}** The instant case requires interpretation of two separate provisions, Civ.R. 41, and R.C. 2305.19, Ohio's Saving's Statute.

**{¶9}** Civ.R. 41 states in pertinent part:

**(A) Voluntary dismissal: effect thereof;**

**(1) By plaintiff; by stipulation. Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:**

**(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;**

**(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.**

**Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.**

**(2) By order of court. Except as provided in division (A)(1) of this rule, a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon that defendant of the plaintiff's motion to dismiss, a claim shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under division (A)(2) of this rule is without prejudice.**

{¶10} In *Olynyk v. Scoles*, 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254, the Ohio Supreme Court explained the operation of Civ.R. 41. The rule contains three different ways a case may be dismissed, and each has its own unique effect on subsequent re-filings. First, a plaintiff may submit a stipulation signed by all the parties who have appeared in the action. A second alternative is for a plaintiff to file a notice of dismissal. Thirdly, a plaintiff may move the court to dismiss the action. *Olynyk*, ¶ 25.

{¶11} A notice of dismissal pursuant to Civ.R. 41(A)(1)(a) is a unilateral dismissal and is only available to a plaintiff once, without prejudice. A second notice dismissal is with prejudice to the case, *id*.

{¶12} The other two avenues for dismissal without prejudice under Civ.R. 41 are made at the plaintiff's instigation, but neither can be unilaterally accomplished because they contain significant limitations. A stipulated dismissal under Civ.R. 41(A)(1)(b) requires the cooperation and consent of the opposing party or parties. A motion for dismissal under Civ.R. 41(A)(2) requires the court to approve the dismissal. Because only Civ.R. 41(A)(1)(a) dismissals are totally within the plaintiff's control, the so-called

"double dismissal rule" targets only notices of dismissal; the other two types of Civ.R. 41(A) dismissals do not implicate the double-dismissal rule. *Id.*, ¶ 25-26.

{¶13}   Applying the above to the instant case, the stipulated dismissal of *Hamrick I* was not a unilateral dismissal.  This means Hamrick still had the option to use her onetime Civ.R. 41(A)(1)(a) unilateral notice of dismissal in *Hamrick* II, which would not be with prejudice and would not be an adjudication on the merits. *Olynyk*, ¶ 27. Consequently, the two-dismissal rule did not bar the filing of *Hamrick* III.

{¶14}   However, the double-dismissal rule is only one half of the equation here. Hamrick is still faced with the statute of limitations. A dismissal without prejudice means the dismissal has no res judicata effect, but it does not toll the statute of limitations or otherwise extend the time for refiling.  *Wolfe v. Priano*, 5th Dist. No.2008-CA-8, 2009-Ohio-2208, citing *Brubaker v. Ross*, 10th Dist. No. 01-AP-1431, 2002-Ohio-4396.

{¶15}   R.C. 2305.10(A) provides a two-year statute of limitations for bodily injury complaints.  The motor vehicle accident occurred on June 14, 2004, so the statute of limitations expired on June 14, 2006, two days after *Hamrick I* was filed.  On June 4, 2008, the parties, by stipulation, dismissed *Hamrick I*, almost two years after the statute of limitations had expired.  On May 28, 2009, taking advantage of Ohio's Saving's Statute, to be discussed below, Hamrick filed *Hamrick II*.  By this time, the statute of limitations had been expired for almost three years.

{¶16} After voluntarily dismissing *Hamrick II*, pursuant to Civ.R. 41(A)(1)(a),   on June 7, 2010, Hamrick filed *Hamrick III,* a year later, on June 5, 2011.  The third filing

was approximately seven years after the accident and almost five years after the statute of limitations had expired on Hamrick's cause of action.

**{¶17}** The Ohio's Saving's Statute, R.C. 2305.19 provides in part:

**In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. \* \* \***

**{¶18}** The savings statute contemplates the right of the plaintiff "to commence a new action" within one year of a failure otherwise than on the merits. *Graf v. Cirino*, 8th Dist. No. 96011, 2011-Ohio-3473, citing *Cero Realty Corp. v. Am. Mfrs. Ins. Co.*, 171 Ohio St. 82, 167 N.E.2d 774 (1960). Indeed, "R.C. 2305.19, states that the plaintiff has the right to file a new action, not multiple actions." *Koslen v. Am. Red Cross*, 8th Dist. No. 71733, 1997 WL 547838; (Sept. 4, 1997).

**{¶19}** In *Thomas v. Freeman*, 79 Ohio St.3d 221, 227, 1997-Ohio-395, 680 N.E.2d 997, the Ohio Supreme Court indicated that "the savings statute can be used only once to re-file a case." This court has consistently held the same. *See e.g.*, *Conway v. RPM, Inc.*, 8th Dist. No. 88024, 2007-Ohio-1007; *Duncan v. Stephens*, 8th Dist. No. 83238, 2004-Ohio-2402.

**{¶20}** Here, when Hamrick filed *Hamrick* II, she reaped the benefits of the Ohio Savings Statute, event though the statute of limitations had been expired for almost three years. In addition, as previously stated, when *Hamrick* III was filed, the statute of limitations had been expired for almost five years.

**{¶21}** Savings statutes operate to give a plaintiff a limited period of time in which to re-file a dismissed claim that would otherwise be time-barred. *Internatl. Periodical Distrib. v. Bizmart*, 95 Ohio St.3d 452, 2002-Ohio-2488, 768 N.E.2d 1167, ¶ 7. The savings statute can be used only once, because otherwise, a plaintiff could infinitely refile her action, and effectively eliminate statutes of limitations. *Duncan* at ¶ 21.

**{¶22}** Because Hamrick utilized the savings statute to re-file her complaint in May 2009, she may not again take advantage of the savings statute to institute an action that is well beyond the statute of limitations. As such, the trial court did not err in dismissing the action with prejudice. Accordingly, we overrule the sole assigned error.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

MELODY J. STEWART, J., and
LARRY A. JONES, SR., J., CONCUR