[Cite as *Brown v. Solon Pointe at Emerald Ridge*, 2013-Ohio-4903.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99363**

---

## ISABELLE H. BROWN, EXECUTOR OF THE ESTATE OF WILLIE BROWN

PLAINTIFF-APPELLANT

vs.

## SOLON POINTE AT EMERALD RIDGE, ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-782380, CV-721717, and CV-751352

**BEFORE:**   Kilbane, J., Rocco, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   November 7, 2013

**ATTORNEYS FOR APPELLANT**

Richard L. Demsey
Justin D. Gould
Richard L. Demsey Co., L.P.A.
1350 Euclid Avenue
Suite 1550
Cleveland, Ohio    44115

**ATTORNEYS FOR APPELLEES**

**For Solon Pointe at Emerald Ridge, L.L.C.**

Marilena DiSilvio
Martin T. Galvin
David A. Valent
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115

**For Harborside Healthcare Corp.**

Rafael P. McLaughlin
Brian D. Sullivan
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115

**For University Hospitals Health System**

Susan M. Audey
Rita A. Maimbourg
Jane F. Warner
Tucker Ellis L.L.P.
950 Main Avenue
Suite 1100
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** This appeal arises from the trial court's ruling in three cases. In Case Nos. CV-10-721717 and CV-11-751352, plaintiff-appellant, Isabelle Brown ("Isabelle"), as executor of the estate of Willie Brown ("Willie"), appeals the trial court's decision dismissing her medical malpractice and wrongful death case for failing to file an affidavit of merit as required by Civ.R. 10(D)(2). In Case No. CV-12-782380, Isabelle appeals the trial court's decision granting summary judgment in favor of defendants-appellees, Harborside Healthcare Corporation ("Harborside") and Harborside of Cleveland Limited Partnership d.b.a. Park East Care and Rehabilitation ("Park East"); Solon Pointe at Emerald Ridge, L.L.C. ("Solon Pointe"); and University Hospitals Health System, Inc. and UH Regional Hospitals d.b.a. University Hospitals Bedford Medical Center ("University Hospitals"). For the reasons set forth below, we affirm.

Case No. CV-10-721717 — ("<em>Brown I</em>")

**{¶2}** On March 19, 2010, Isabelle filed a three-count complaint against several defendants, including Solon Pointe, Harborside, Park East, University Hospitals, and Sunrise Healthcare Corporation ("Sunrise"). Isabelle alleged that the combined negligence of the defendants resulted in Willie's death on March 19, 2009. The first and second causes of action were for wrongful death and pain and suffering against the defendants. The third cause of action was under R.C. Chapter 3271 against nursing home defendants Sunrise, Solon Pointe, Harborside and Park East. Isabelle

contemporaneously filed a motion for extension of time to submit an affidavit of merit as required by Civ.R. 10(D)(2). Isabelle stated that she needed more time to obtain Willie's medical records to investigate the wrongful death claim. The trial court granted this motion and gave Isabelle until June 10, 2010, to file the affidavit. At Isabelle's request, the trial court extended this deadline three more times. On June 10, 2010, the court gave Isabelle until July 19, 2010, to file the affidavit. At a case management conference on July 12, 2010, the court gave Isabelle until August 16, 2010, to file the affidavit. Then at a pretrial conference on August 23, 2010, the court again granted Isabelle an extension until September 27, 2010. The court advised Isabelle that failure to file the affidavit of merit by this date could result in dismissal of the case. Brown failed to file the affidavit by that date, and the court dismissed her complaint, without prejudice, on September 29, 2010.

Case No. CV-11-751352 — ("<em>Brown II</em>")

**{¶3}** On March 18, 2011, Isabelle refiled the same complaint against the same parties. Like in *Brown I*, she again contemporaneously filed a motion for extension of time to submit an affidavit of merit. Isabelle stated that she needed more time because she has been unable to secure an affidavit of merit prior to refiling her case before the wrongful death statute of limitations expiration date of March 19, 2011. In response, Solon Pointe, Harborside, Park East, and University Hospitals each opposed the motion for extension and moved to dismiss Isabelle's complaint. On May 10, 2011, the trial court denied Isabelle's motion and dismissed the case without prejudice, stating that:

[Isabelle] has failed to show good cause for the requested extension of time in this re-filed action. In accordance with [Civ.R.] 10(D)(2)(d), [Isabelle's] complaint is hereby dismissed without prejudice. *See Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 897 N.E.2d 147, 2008-Ohio-5379[, ¶ 19-20, fn. 4]; *Schulte v. Wilkey*, [12th Butler Dist. No. CA2010-02-035, 2010-Ohio-5668 [¶ 33-35]); *cf. Click v. Georgopoulos*, [7th Dist. Mahoning No. 08 MA 240, 2009-Ohio-6245, ¶ 33-36].

<u>Case No. CV-12-782380 — ("*Brown III*")</u>

{¶4} On May 10, 2012, Isabelle refiled the same complaint for a third time, asserting the same claims against Solon Pointe, Harborside, Park East, University Hospitals, and Sunrise. Isabelle again requested "at least ninety (90) days" to submit an affidavit of merit. In her motion, she stated that good cause exists for additional time because the medical issues are complicated and she has been undertaking efforts to secure the appropriate review. Solon Pointe, Harborside, Park East, and University Hospitals each opposed Isabelle's motion for extension of time and each filed motions to dismiss her claim under Civ.R. 12(B)(6). Defendants argued that Isabelle's wrongful death, medical malpractice, and nursing home claims are barred by the statute of limitations. They further argued that Isabelle's medical malpractice claim was again brought without the required affidavit of merit. The trial court converted these motions to dismiss to motions for summary judgment and allowed time for the defendants to file supplemental briefs and allowed time for Isabelle to file a brief in opposition.

{¶5} Defendants argued that because the savings statute could be used only once under Ohio law, Isabelle's malpractice and wrongful death claims were time barred. They further argued that even if her claims were not time barred, Isabelle failed to

demonstrate good cause for another extension of time to submit an affidavit of merit.

Isabelle jointly opposed all motions. The trial court granted defendants' motions for summary judgment, addressing defendants' arguments together, as they were virtually identical. The court stated:

> [D]efendants argue that plaintiff's action is barred because (a) this is the third filing (i.e., second refiling) of the same lawsuit; (b) the statute of limitations in this wrongful death action (brought by an executor) has expired, and (c) plaintiff has offered no legally sufficient justification for the continued, conspicuous absence of an affidavit of merit, more than two years after plaintiff first initiated this action. Defendants have laid out the chronology of this protracted litigation in copious detail, and have further provided the court with a compelling analysis of the relevant statutes, case law, and rules of procedure. * * * The court agrees, and finds that [Isabelle's] wrongful death action is barred by the applicable statute of limitations. Finally, the court concludes that defendants' analysis of the issue of multiple refilings is correct, i.e., that under the savings statutes and applicable case law, [Isabelle] is barred from filing the identical action a third time. [Isabelle] offers no well-reasoned argument to the contrary. Having once dismissed this action, then refiling it, and then dismissing that refiled action, [Isabelle] is precluded from refiling the case yet another time. Having determined that [Isabelle's] claim must be dismissed on summary judgment for the reasons set forth above, the court need not address [Isabelle's] motion for yet another extension of time to produce an affidavit of merit. Said motion is hereby deemed moot. All other motions are likewise moot. Case dismissed with prejudice.

{¶6} Isabelle now appeals, raising the following two assignments of error for review.

## Assignment of Error One

The common pleas court abused its discretion in denying [Isabelle's] motion for extra time to secure an affidavit of merit under Civ.R 10(D)(2) in the refiled case (*Brown II*) and erred in dismissing the case.

## Assignment of Error Two

The common pleas court abused its discretion in denying [Isabelle's] motion for extra time to secure an affidavit of merit under Civ.R. 10(D)(2) in the final case (*Brown III*) and erred in granting appellees' motions for summary judgment.

<u>Motion for Extension of Time — *Brown II*</u>

**{¶7}** In the first assignment of error, Isabelle argues that the trial court abused its discretion when it denied her request for additional time to submit an affidavit of merit in *Brown II* and dismissed the case. Defendants argue that Isabelle's appeal of the court's order in *Brown II* is untimely. We agree.

**{¶8}** App.R. 4(A) provides that "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed." It is well established that an appellate court lacks jurisdiction over any appeal that is not timely filed. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60, 531 N.E.2d 713 (1988); *Bounce Properties, LLC v. Rand*, 8th Dist. Cuyahoga No. 92691, 2010-Ohio-511, ¶ 6.

**{¶9}** In the instant case, Isabelle filed *Brown II* on March 18, 2011. She contemporaneously filed a motion for extension of time to submit an affidavit of merit, stating that she needed more time because she has been unable to secure an affidavit of merit prior to refiling her case before the wrongful death statute of limitations expiration date of March 19, 2011. On May 10, 2011, the trial court denied Isabelle's motion and dismissed the case without prejudice, finding that: "[Isabelle] has failed to show good cause for the requested extension of time in this re-filed action." Isabelle did not appeal

this decision until January 4, 2013, which was almost two years after the trial court issued its judgment entry. Thus, her January 4, 2013 notice of appeal was untimely. Therefore, we lack jurisdiction in this appeal to review any assigned errors in *Brown II*.

<u>Motion for Extension of Time & Summary Judgment — *Brown III*</u>

Motion for Extension of Time

**{¶10}** In the second assignment of error, Isabelle first argues the trial court erred when it denied her request for additional time to submit the affidavit of merit required by Civ.R. 10(D)(2).

**{¶11}** We note that "'[t]he decision whether to grant a motion for extension of time lies within the broad discretion of the trial court and will be reversed on appeal only for an abuse of discretion.'" *Johnson v. Univ. Hosps. Case Med.*, 8th Dist. Cuyahoga No. 90960, 2009-Ohio-2119, ¶ 5, quoting *Kupczyk v. Kuschnir*, 8th Dist. Cuyahoga No. 76614, 2000 Ohio App. LEXIS 3380 (July 27, 2000). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

**{¶12}** Civ.R. 10(D) governs the affidavit of merit and provides that:

(a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim * * * shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the

Ohio Rules of Evidence. Affidavits of merit shall include all of the following:

(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;

(ii) A statement that the affiant is familiar with the applicable standard of care;

(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

(b) The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the complaint. For good cause shown and in accordance with division (c) of this rule, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit, not to exceed ninety days, except the time may be extended beyond ninety days if the court determines that a defendant or non-party has failed to cooperate with discovery or that other circumstances warrant extension.

{¶13} In determining whether good cause exists to extend the period of time to file an affidavit of merit, the court shall consider:

(i) A description of any information necessary in order to obtain an affidavit of merit;

(ii) Whether the information is in the possession or control of a defendant or third party;

(iii) The scope and type of discovery necessary to obtain the information;

(iv) What efforts, if any, were taken to obtain the information;

(v) Any other facts or circumstances relevant to the ability of the plaintiff to obtain an affidavit of merit.

Civ.R. 10(D)(2)(c).

{¶14} In *Brown III*, Isabelle jointly filed her complaint and her motion for extension of time in May 2012. In her motion, she stated that good cause exists for additional time because the medical issues are complicated and she has been undertaking efforts to secure the appropriate review. She failed, however, to state what further necessary information was needed in order to obtain the affidavit of merit. The trial court did not deny her motion until December 2012, which was when it granted summary judgment in favor of the defendants. As discussed below, Isabelle was unable to utilize the savings statute again to refile her complaint a third time. Therefore, Isabelle's motion for extension of time was moot.

{¶15} Accordingly, the court did not abuse its discretion when it denied the motion as moot.

### Summary Judgment

{¶16} Isabelle also argues in the second assignment of error that the trial court erred in granting defendants' motions for summary judgment.

{¶17} We review an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998). In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, the Ohio Supreme Court set forth the appropriate test as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to

judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264, 273-274.

{¶18} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

{¶19} In the instant case, the trial court converted defendants' motions to dismiss to motions for summary judgment and allowed the parties time to file supplemental briefs. The defendants essentially argued that Isabelle's complaint is barred because *Brown III* is the third filing of the same lawsuit and the statute of limitations in *Brown III* has expired. The trial court granted defendants' motions for summary judgment, finding that:

> [Isabelle's] wrongful death action is barred by the applicable statute of limitations. Finally, the court concludes that defendants' analysis of the issue of multiple refilings is correct, i.e., that under the savings statutes and applicable case law, [Isabelle] is barred from filing the identical action a third time. [Isabelle] offers no well-reasoned argument to the contrary. Having once dismissed this action, then refiling it, and then dismissing that

refiled action, [Isabelle] is precluded from refiling the case yet another time.

**{¶20}** We agree. The applicable statutes of limitations have expired and the savings statute can only be used once to refile a complaint.

**{¶21}** Under R.C. 2305.113(A), a medical claim "shall be commenced within one year after the cause of action accrued." Here, Isabelle's medical malpractice claim began to run on March 19, 2009, the date of Willie's death. Therefore, the statute expired one year later on March 19, 2010. Under R.C. 2125.02(D)(1), a wrongful death action "shall be commenced within two years after the decedent's death." As a result, the statute of limitations for Isabelle's wrongful death claim expired on March 19, 2011.

**{¶22}** Ohio savings statutes, however, generally provide a party a limited period of time to refile a claim that has been dismissed otherwise than upon merits, even though the claim would be time barred under the statute of limitations. *Internatl. Periodical Distrib. v. Bizmart*, 95 Ohio St.3d 452, 2002-Ohio-2488, 768 N.E.2d 1167, ¶ 7. R.C. 2305.19(A) provides that:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

**{¶23}** The Ohio Supreme Court has stated that "the savings statute can be used only once to refile a case." *Thomas v. Freeman*, 79 Ohio St.3d 221, 227, 1997-Ohio-395, 680 N.E.2d 997, citing *Hancock v. Kroger Co.*, 103 Ohio App.3d 266,

659 N.E.2d 336 (10th Dist.1995). "This court has consistently held the same." *Hamrick v. Ramalia*, 8th Dist. Cuyahoga No. 97385, 2012-Ohio-1953, ¶ 19, citing *Conway v. RPM, Inc.*, 8th Dist. Cuyahoga No. 88024, 2007-Ohio-1007; *Duncan v. Stephens*, 8th Dist. Cuyahoga No. 83238, 2004-Ohio-2402; *Iglodi v. Montz*, 8th Dist. Cuyahoga No. 68621, 1995 Ohio App. LEXIS 3797 (Aug. 4, 1995). "Indeed, 'R.C. 2305.19, states that the plaintiff has the right to file a new action, not multiple actions.'" *Hamrick* at ¶ 18, quoting *Koslen v. Am. Red Cross*, 8th Dist. Cuyahoga No. 71733, 1997 Ohio App. LEXIS 4007 (Sept. 4, 1997).

{¶24} Here, Isabelle filed *Brown I* on March 19, 2010, which was within the one-year statute of limitations for medical malpractice claims and the two-year statute of limitations for wrongful death claims. *Brown I* was dismissed without prejudice, or other than upon the merits, on September 29, 2010. On March 18, 2011, Isabelle refiled her lawsuit in *Brown II* and invoked the benefits of the savings statute. When she filed *Brown III* on May 10, 2012, she had already utilized the saving statute once and the applicable statutes of limitations for her claims had already expired. *See McGowan v. Family Medicine, Inc.*, 5th Dist. Stark No. 2001CA00385, 2002-Ohio-4071, ¶ 22 (where the Fifth District Court of Appeals concluded that because the statute of limitations on the plaintiff's malpractice claim expired before she filed her second complaint, the plaintiff utilized the savings statute to file her second complaint and could not again utilize the savings statute to file a third complaint.) Therefore, because Isabelle utilized the savings statute to refile her complaint in March 2010, she could not again take advantage of the

savings statute to institute an action that was well beyond the statute of limitations. As this court has previously stated, "[t]he savings statute can be used only once, because otherwise, a plaintiff could infinitely refile her action, and effectively eliminate statutes of limitations." *Hamrick* at ¶ 21, citing *Duncan v. Stephens*, 8th Dist. Cuyahoga No. 83238, 2004-Ohio-2402.

{**¶25**} Accordingly, we conclude the trial court properly granted summary judgment on behalf of defendants.

{**¶26**} The second assignment of error is overruled.

{**¶27**} Judgment is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
EILEEN T. GALLAGHER, J., CONCUR