[Cite as *Kessel v. Glenmark Generics, Inc., USA*, 2014-Ohio-2371.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CHRISTINA KESSEL, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED, et al.

     Appellant

     v.

GLENMARK GENERICS INC., USA

     Appellee

C.A. No.     26833

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2012-07-4077

DECISION AND JOURNAL ENTRY

Dated: June 4, 2014

WHITMORE, Judge.

{¶1} Appellant, Christina Kessel, appeals from the judgment of the Summit County Court of Common Pleas, dismissing her class action lawsuit. This Court reverses.

I

{¶2} Following a nationwide, voluntary recall of Norgestimate and Ethinyl Estradiol tablets, Kessel filed a complaint against Glenmark Generics, Inc. USA ("Glenmark") seeking to represent a class of Ohioans who had purchased the recalled oral contraceptives. In her complaint, Kessel quoted the following portion of the press release announcing the recall:

> Glenmark Generics Inc. USA today issued a voluntary, nationwide, consumer-level recall of seven (7) lots of Norgestimate and Ethinyl Estradiol Tablets USP, 0.18 mg/0.035 mg, 0.215mg/0.035 mg, 0.25 mg/0.035 mg. The recall is being implemented because of a packaging error, where select blisters were rotated 180 degrees within the card, reversing the weekly tablet orientation and making the lot number and expiry date visible only on the outer pouch. Any blister for which the lot number and expiry date is not visible is subject to recall. This packaging error is limited to the seven (7) lots listed in the table below of Norgestimate and

Ethinyl Estradiol Tablets USP, 0.18 mg/0.035 mg, 0.215 mg/0.035 mg, 0.25 mg/0.035 mg. This product is used as an oral contraceptive indicated for the prevention of pregnancy in women who elect to use oral contraceptives as a method of contraception. As a result of this packaging error, the daily regimen for these oral contraceptives may be incorrect and could leave women without adequate contraception, and at risk for unintended pregnancy. These packaging defects do not pose any immediate health risks. However, consumers exposed to affected packaging should begin using a non-hormonal form of contraception immediately. Patients who have the affected product (lot numbers are provided below) should notify their physician and return the product to the pharmacy.

{¶3} Kessel stated that she uses and purchased the oral contraceptive that was subject to the recall. She asserted that, due to the recall, she and other class members could not fully use the product they had purchased. She alleged that Glenmark had not refunded any money to her or the class members for the recalled contraceptives and it was foreseeable that class members were tested for pregnancy and/or purchased emergency birth control. Kessel sought class action certification, damages for the purchase of the recalled contraceptives and for the expense of testing for pregnancy and/or emergency birth control, restitution, pre- and post-judgment interest, and attorney's fees.

{¶4} Glenmark filed a motion to dismiss arguing *inter alia* that Kessel had failed to state a claim upon which relief could be granted under Civ.R.12(B)(6) because she lacked standing to bring the subject action. More specifically, Glenmark argued that Kessel lacked standing because she had not been injured in fact and the relief that she sought was already available through a refund. Glenmark attached the affidavit of Paul Dutra, its Executive Vice President, to its motion. The affidavit included the full recall notice, a picture of a correctly aligned package, and details regarding refunds associated with the recall.

{¶5} After the parties briefed the issue, the trial court dismissed Kessel's complaint for lack of standing. Kessel now appeals and raises one assignment of error for our review.

II

<u>Assignment of Error</u>

THE TRIAL COURT ERRED IN RULING THAT PLAINTIFF KESSEL LACKED STANDING TO PURSUE HER CLAIMS.

**{¶6}** In her sole assignment of error, Kessel argues that the trial court improperly dismissed her complaint for lack of standing.

**{¶7}** We review a trial court's granting of a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) de novo. *State ex rel. Dellagnese v. Bath-Akron-Fairlawn Joint Economic Dev. Dist.*, 9th Dist. Summit No. 23196, 2006-Ohio-6904, ¶ 8, citing *Hunt v. Marksman Prod., Div. of S/R Industries, Inc.*, 101 Ohio App.3d 760, 762 (9th Dist.1995). Factual allegations contained in the complaint are presumed true and all reasonable inferences are drawn in favor of the nonmoving party. *Id.*, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). If it appears beyond a doubt that the nonmoving party cannot prove any set of facts entitling her to relief, then the motion to dismiss should be granted. *Id.*

**{¶8}** When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the trial court is confined to the pleadings unless the court converts the motion to dismiss to a motion for summary judgment with due notice to the parties. Civ.R. 12(B). *See State ex rel. Hanson* at 548. Regarding materials outside of the pleadings, Civ.R. 12(B) provides:

> When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56.

{¶9} In the instant matter, Glenmark attached the affidavit of its Executive Vice President, Paul Dutra, to its motion to dismiss. Dutra's affidavit described Glenmark's refund procedures for the recalled product. It also specified that Glenmark had already processed numerous refunds including refunds for Ohio consumers. Faced with the new evidence introduced by Dutra's affidavit, the trial court had two options. It could either exclude it or convert the motion to dismiss to a motion for summary judgment.

{¶10} The trial court did not convert the motion to dismiss to a motion for summary judgment. Nonetheless, the trial court referenced Dutra's affidavit in determining, "during the course of this litigation, namely through the motion to dismiss, [Kessel] has become informed of the refund process." The court found Kessel's failure to address whether she sought a refund or could have been made whole through the refund procedure was "fatal to [her] claims for standing." It was error for the trial court to consider Dutra's affidavit without converting the motion to one for summary judgment.

{¶11} In reaching our decision, we express no opinion on whether Kessel has the requisite standing to bring this action. We reverse solely on the grounds that the affidavit presented matters outside of the pleadings and, therefore, should have been excluded or the motion to dismiss should have been converted to one for summary judgment.

III

{¶12} Kessel's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JOHN D. MISMAS, Attorney at Law, for Appellant.

LAURA M. FAUST, Attorney at Law, for Appellee.

DANIEL MATEO, Attorney at Law, for Appellee.