[Cite as *Wick v. Lorain Manor, Inc.*, 2014-Ohio-4329.]

STATE OF OHIO        )
                         )ss:
COUNTY OF LORAIN   )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

BRUCE TYLER WICK

      Appellant

      v.

LORAIN MANOR INC., ET AL.

      Appellees

C.A. No.     12CA010324

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    11CV172616

DECISION AND JOURNAL ENTRY

Dated: September 30, 2014

WHITMORE, Judge.

{¶1} Plaintiff-Appellant, Bruce Tyler Wick, executor of the estate of Josephine D. Wick, appeals from the judgments of the Lorain County Court of Common Pleas, granting Defendant-Appellees' motions to dismiss. This Court reverses.

I

{¶2} In December 2007, Josephine Wick was 90 years old and a resident of Main Street Care Center, a skilled nursing facility in Avon Lake, Ohio. In addition to the staff at Main Street, Josephine was provided around-the-clock care by employees of Adult Comfort Care Services, Inc. According to Wick, Adult Comfort Care Services "provides attendants and assistance with daily living to adults confined * * * in * * * nursing homes." On December 30 or 31, 2007, Josephine sustained injuries. Wick asserts that there was a 6.5 hour delay in transporting her to the hospital. Josephine died on January 2, 2008.

{¶3} On June 24, 2011, Wick, as executor of his mother's estate, filed a complaint for medical malpractice and wrongful death in the Lorain County Court of Common Pleas. Wick listed as defendants: (1) Lorain Manor, Inc. and Lorain Manor Co., Ltd., doing business as Main Street Care Center and various members of its medical staff, (2) Adult Comfort Care Services, Inc. and some of its employees, and (3) Physicians Ambulance Service, Inc. and two of its emergency medical technicians who transported Josephine to the hospital, (collectively, "Appellees"). Filed along with the complaint was a case designation sheet, which noted that this case had previously been filed in Lorain County. Additionally, Wick, that same day, filed a motion for an extension of time to file the required affidavit of merit. The court granted Wick's motion for an extension of time and ordered an affidavit to be filed on or before September 22, 2011.

{¶4} On September 22, 2011, Wick filed an affidavit of merit from Nicole Marie Spring, R.N. Wick requested an additional 30-day extension to file an affidavit of merit from an out of state physician. While the court did not explicitly rule on his motion, Wick filed an affidavit of Dr. Christopher Ackerman, M.D. on September 26, 2011, and the court considered the affidavit in its later ruling.

{¶5} Appellees all filed motions to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. In their various motions, Appellees argued that: (1) the affidavits of merit were insufficient to meet the heightened pleading standard, and (2) the statute of limitations barred Wick's complaint because he had previously used the savings statute. On November 8, 2012, the court granted Appellees' motions to dismiss finding that: (1) the two affidavits of merit filed did not meet the pleading requirements of Civ.R. 10(D)(2)(a),

and (2) the claims were barred by the statute of limitations. Wick now appeals and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED IN DISMISSING THE ACTION ON STATUTE OF LIMITATION'S (sic) GROUNDS AND FOR ASSERTED DEFICIENCIES IN THE AFFIDAVITS OF MERIT.

{¶6} In his first assignment of error, Wick argues that the court erred by finding: (1) the statute of limitations barred his complaint, and (2) the affidavits of merit were deficient.

**Statute of Limitations and Savings Statute**

{¶7} The trial court found that Wick had used the savings statute once already to refile his claim, and therefore, could not use it again. Based on this finding, the court dismissed Wick's complaint with prejudice.

{¶8} "Savings statutes operate to give a plaintiff a limited period of time in which to refile a dismissed claim that would otherwise be time-barred." *Internl. Periodical Distrib. v. Bizmart, Inc.*, 95 Ohio St.3d 452, 2002-Ohio-2488, ¶ 7. The savings statute, R.C. 2305.19(A), provides, in relevant part, that:

> [i]n any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

*See also* R.C. 2125.04 (savings statute for wrongful death claims also requiring refiling within one year). "Thus, in order to employ the savings statute, a plaintiff must satisfy two elements: '(1) commencement of an action before the statute of limitations has expired, and (2) failure otherwise than upon the merits after the statute of limitations has expired.'" *Herbert v. Farmer*,

12th Dist. Warren No. CA2013-02-016, 2014-Ohio-877, ¶ 14, quoting *Boggs v. Baum*, 10th Dist. Franklin No. 10AP-864, 2011-Ohio-2489, ¶ 30. A savings statute may only be used once to refile a case. *See Thomas v. Freeman*, 79 Ohio St.3d 221, 227 (1997). *See also Herbert* at ¶ 19-20; *Brown v. Solon Pointe at Emerald Ridge*, 8th Dist. Cuyahoga No. 99363, 2013-Ohio-4903, ¶ 23; *Wright v. Proctor-Donald*, 5th Dist. Stark No. 2012-CA-00154, 2013-Ohio-1973, ¶ 13; *Rall v. Arora*, 3d Dist. Marion No. 9-12-56, 2013-Ohio-1392, ¶ 19-20; *Gao v. Barrett*, 10th Dist. Franklin No. 10AP-1075, 2011-Ohio-3929, ¶ 13.

{¶9} Appellees all filed motions to dismiss pursuant to Civ.R. 12(B)(6) arguing, in part, that Wick's claims are barred because the statute of limitations had run and Wick had already refiled his claim once using the savings statute. Specifically, Appellees argued that Wick had first filed a complaint in the Cuyahoga County Court of Common Pleas in 2009. Appellees assert that this complaint was voluntarily dismissed by Wick after the court denied his motion for an extension of time to file an affidavit of merit. Subsequently, according to Appellees, Wick filed a complaint in the Lorain County Court of Common Pleas on January 4, 2010. They allege that this complaint was dismissed by the court in June 2011, after Wick failed to file an affidavit of merit. Wick refiled his complaint in the Lorain County Court of Common Pleas in late June 2011. Appellees argue that the statute of limitations on Wick's claims ran prior to his filing of his first complaint in Lorain County, and therefore, he utilized the savings statute to file that case. Because the saving statute may only be used once, Appellees argue, Wick's second complaint filed in Lorain County in June 2011 must be dismissed.

{¶10} While Wick's claims may be barred based on his prior use of the savings statute, the information needed to make that determination was not before the trial court. Appellees filed motions to dismiss and the court did not convert their motions into motions for summary

judgment. Therefore, the court could not look to matters outside of the pleadings. *See* Civ.R. 12(B). Further, the court may not take judicial notice of court proceedings in another case, "even though between the same parties and even though the same judge presided." *Clayton v. Walker*, 9th Dist. Summit No. 26538, 2013-Ohio-2318, ¶ 11, quoting *In re J.C.*, 186 Ohio App.3d 243, 2010-Ohio-637, ¶ 14 (9th Dist.).

**{¶11}** Without knowledge of the prior proceedings, it is unclear whether Wick had previously utilized the savings statute. *See Harris v. Pro-Lawn Landscaping, Inc.*, 8th Dist. Cuyahoga No. 97302, 2012-Ohio-498 (court erred in granting motion to dismiss because it was unclear from the pleadings whether the plaintiff had previously utilized the savings statute). *Compare Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, ¶ 11 ("A motion to dismiss based upon a statute of limitations may be granted when the complaint shows conclusively on its face that the action is time-barred.").

**{¶12}** The pleadings in this case do not conclusively show that Wick's claims are barred because of a previous use of the savings statute. Therefore, we conclude that the court erred in finding Wick's claims were barred and dismissing them with prejudice on this basis.

**Affidavits of Merit**

**{¶13}** Wick argues that the court erred in finding that the affidavits of merit were deficient. We must first determine whether an affidavit of merit was required by Civ.R. 10(D)(2) for the various defendants.

**a. Medical Claims**

**{¶14}** A complaint that contains a "medical claim" must "include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability." Civ.R. 10(D)(2)(a). This heightened pleading requirement is to

"deter the filing of frivolous medical-malpractice claims. The rule is designed to ease the burden on the dockets of Ohio's courts and to ensure that only those plaintiffs truly aggrieved at the hands of the medical profession have their day in court." *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, ¶ 10.

{¶15} An affidavit of merit is necessary to establish the sufficiency of a complaint, and a motion to dismiss for failure to state a claim is the proper method to challenge adequacy of the affidavit. *Id*. at ¶ 13. "In order for the court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. University Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. We review a trial court's decision to dismiss for failure to state a claim under Civ.R. 12(B)(6) de novo. *Kessel v. Glenmark Generics, Inc., USA*, 9th Dist. Summit No. 26833, 2014-Ohio-2371, ¶ 7.

{¶16} A "medical claim" is defined as:

> any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice registered nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person.

R.C. 2305.113(E)(3). Therefore, the affidavit of merit is only required by Civ.R. 10(D)(2) if: (1) the claim is against one of the medical professionals or facilities listed, and (2) the claim arises out of a medical diagnosis, care, or treatment.

### i. Lorain Manor Defendants

{¶17} In his complaint, Wick asserts that defendants Lorain Manor, Inc. and Lorain Manor Co., Ltd. own and operate Main Street Care Center, a skilled nursing facility in Avon

Lake, Ohio. Wick alleges that Dr. Itri Eren was Josephine Wick's attending physician "throughout her stay or residence" at the Main Street Care Center facility and that nurses Debra O'Connor, Carlos Hendrix, Cher Parker, and Beth Ann Wilson were "employed by Main Street Care Center in a nursing or supervisory capacity" during Josephine's stay. There does not appear to be any dispute that Main Street Care Center is a "home" within the meaning of R.C. 2305.113(E)(3). *See* R.C. 3721.10(A). Additionally, Dr. Eren and the various nurses listed are employees of Main Street Care Center. Because Wick's claims against the Lorain Manor Defendants are against a facility and persons listed in R.C. 2305.113(E)(3), the first prong of the medical claim test has been satisfied. *See* R.C. 2305.113(E)(3).

{¶18} The next inquiry is whether the claims "arise[] out of the medical diagnosis, care, or treatment of [Josephine]." *Id.* Wick's complaint is somewhat difficult to decipher. However, regardless of whether Wick's claims against the Lorain Manor Defendants are for medical malpractice or wrongful death, the claims all arise out of the facility's care and treatment of Josephine while she was a resident of the skilled nursing facility. Therefore, we conclude that the claims against the Lorain Manor Defendants are "medical claims" as defined by R.C. 2305.113(E)(3) and required Wick to file an affidavit of merit pursuant to Civ.R. 10(D)(2)(a).

### ii. Physicians Ambulance Service Defendants

{¶19} In his complaint, Wick asserts claims against Physicians Ambulance Service, Inc. and two emergency medical technicians ("EMTs") employed by Physicians. EMTs are persons listed in R.C. 2305.113(E)(3); therefore, as to the two EMTs, the first prong of the medical claim test has been satisfied. *See* R.C. 2305.113(E)(3). Further, Wick's claims, that the EMTs were negligent in transporting Josephine and by administering morphine to her, arise from the EMTs'

care and treatment of Josephine. Therefore, the claims against the two EMTs are "medical claims," and Wick was required to file an affidavit of merit pursuant to Civ.R. 10(D)(2)(a).

{¶20} However, unlike EMTs, an ambulance service is not a medical provider listed in R.C. 2305.113(E)(3). Because Physicians Ambulance Service, Inc. is not an entity within the "medical claim" definition, the claims against it do not require an affidavit of merit under Civ.R. 10(D)(2)(a). Therefore, we conclude that the court erred in dismissing Wick's claims against Physicians Ambulance Service, Inc. for failing to attach an affidavit of merit.[1]

### iii. Adult Comfort Care Defendants

{¶21} Wick additionally asserts claims against Adult Comfort Care Services, Inc., "which provides attendants and assistance with daily living to adults confined, or largely confined, at home, or in hospitals or nursing homes." Wick states that Adult Comfort Care was providing around-the-clock assistance to Josephine while she was at Main Street Care Center. The complaint further alleges that "Dan Engel, R.N., is a principal in defendant Adult Comfort Care Services, Inc. [and, during] all relevant times, defendants Zack Engel and Ashley Arthur were caregivers, employed by Adult Comfort Care, attending to Josephine D. Wick." Lastly, Wick states that "Joan Cato was a caregiver for Adult Comfort Care Service" and attended to Josephine in December 2007.

{¶22} Reviewing the evidence in the record, it is unclear whether Adult Comfort Care and/or its employees are covered under the first prong of the medical claim definition. While it does not appear that Adult Comfort Care Services is a hospital, home, or residential facility, it is

---

[1] Our decision is limited to the issue of whether an affidavit of merit was required for Physicians Ambulance Service, Inc. We do not reach the question of whether the claims against Physicians Ambulance Service, Inc. have been sufficiently pled so as to survive a motion to dismiss on some other basis. That inquiry is beyond the scope of this appeal.

possible that it was an agent of Main Street Care Center. Nevertheless, "[i]In deciding whether to dismiss a complaint, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted, the trial court must presume all factual allegations in the complaint are true and construe the complaint in a light most favorable to the plaintiff, drawing all reasonable inferences in favor of the plaintiff." *Brown v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-815, 2013-Ohio-4012, ¶ 6, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). In viewing the complaint in a light most favorable to Wick, we conclude that Adult Comfort Care Services and its employees are not covered under the medical claim definition in R.C. 2305.113(E)(3). Therefore, the trial court erred in dismissing the claims against the Adult Comfort Care Defendants based on a deficient affidavit of merit.

**b. Requirements of an Affidavit of Merit**

{¶23} Having concluded that the claims against the Lorain Manor Defendants and the two EMTs employed by Physicians Ambulance Service, Inc. are medical claims and require an affidavit of merit, we next review the affidavits filed to determine whether they were sufficient to satisfy the heightened pleading requirement.

{¶24} Civ.R. 10(D)(2)(a) requires an affidavit of merit to include:

(i)   A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;

(ii)  A statement that the affiant is familiar with the applicable standard of care;

(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

{¶25} Wick filed two affidavits of merit; one from Nicole Marie Spring, R.N., and one from Dr. Christopher Ackerman, M.D. Spring's affidavit, in its entirety, stated:

1.) I am Nicole Marie Spring, RN, of Russell Township, Geauga County, Ohio; and I offer the within Affidavit of Merit in support of the captioned Complaint and civil action, as herein set forth.

2.) As a Registered Nurse of the State of Ohio, Registration No. 106777, I am an "expert witness" in nursing, pursuant to Rules 601(B) and 702 of the Ohio Rules of Evidence.

3.) I have reviewed all medical records reasonably available to the plaintiff in this action, concerning the allegations contained in the Complaint.

4.) I am familiar with the applicable standard of care.

5.) In my opinion, as one qualified to give an opinion, the applicable standard of care was breached by two of the defendants to this action; namely, Zack Engel and Adult Comfort Care Services, Inc.; and that breach caused injury to plaintiff's decedent, Josephine D. Wick.

Dr. Ackerman's affidavit, in its entirety, stated:

1.) I am Christopher J. Ackerman, M.D., of Lawrenceville, Virginia; and I offer the within Affidavit of Merit in support of the captioned Complaint and civil action, as herein set forth.

2.) As a Doctor of Medicine, licensed to practice in the State of Virginia and the Dist[r]ict of Columbia; I am an "expert witness," pursuant to Rules 601(B) and 702 of the Ohio Rules of Evidence.

3.) I have reviewed all medical records reasonably available to the plaintiff in this action, concerning the allegations contained in the Complaint.

4.) I am familiar with the applicable standard of care.

5.) In my opinion, as one qualified to give an opinion, the injuries sustained by plaintiff's decedent, Josephine D. Wick, at defendant "Main Street Care Center" (whatever may be the facility's legal name) on December 31, 2007, were the immediate cause of her medical deterioriation (sic) and death.

{¶26} Wick argues that the affidavits read together satisfy the requirements of Civ.R. 10(D)(2)(a). We disagree. Even read together, the affiants do not state that the actions of the

Lorain Manor Defendants or the two EMTs fell below the applicable standard of care.[2] Therefore, the affidavits do not meet Civ.R. 10(D)(2)(a)(iii) as to these defendants (i.e., there is no expert testimony opining that the actions of these defendants breached the applicable standard of care and that this breach caused Josephine injury).

### c. **Reasonable Time to Cure Defect**

**{¶27}** Wick argues that, if the affidavits of merit filed are deficient, the court erred in failing to grant him time to cure any defect pursuant to Civ.R. 10(D)(2)(e). We agree.

**{¶28}** Civ.R. 10(D)(2)(e) provides:

> If an affidavit of merit as required by this rule has been filed as to any defendant along with the complaint or amended complaint in which claims are first asserted against that defendant, and the affidavit of merit is determined by the court to be defective pursuant to the provisions of division (D)(2)(a) of this rule, the court *shall* grant the plaintiff a reasonable time, not to exceed sixty days, to file an affidavit of merit intended to cure the defect.

(Emphasis added.)

**{¶29}** The Lorain Manor Defendants argue that Civ.R. 10(D)(2)(e) does not apply because the affidavits of merit filed by Wick were not filed "along with the complaint." Instead, they argue, the affidavits were filed after numerous extensions. In essence, the Lorain Manor Defendants argue that Civ.R. 10(D)(2)(e) does not apply because Wick had already been granted extensions under Civ.R. 10(D)(2)(b). We find their argument unpersuasive.

**{¶30}** If the plaintiff does not file an affidavit of merit with the complaint, the plaintiff must file a motion for an extension of time. *See* Civ.R. 10(D)(2)(b). Only if the court determines that the plaintiff has shown good cause for the extension, will the court grant the

---

[2] We take no position as to whether Nurse Spring was qualified under Evid.R. 601(B) and 702 to conclude that the actions of the Lorain Manor Defendants or the two EMTs fell below the standard of care because her affidavit makes no mention of these defendants.

plaintiff a reasonable period of time to file an affidavit. Once an affidavit is filed, the court may determine that it does not meet the requirements of Civ.R. 10(D)(2)(a). In that circumstance, the court must grant the plaintiff a reasonable time to cure the defect. *See* Civ.R. 10(D)(2)(e).

{¶31} Civ.R. 10(D)(2)(b) and Civ.R. 10(D)(2)(e) provide two different types of extensions. Civ.R. 10(D)(2)(b) only gives the plaintiff more time to file an initial affidavit of merit upon the showing of good cause. Civ.R. 10(D)(2)(e), on the other hand, requires the court to grant the plaintiff time to correct a defect in an already filed affidavit if the court determines that the filed affidavit does not meet the requirements of the rule. Under Civ.R. 10(D)(2)(e) the court must grant the plaintiff a reasonable time to cure the defect; what is a reasonable time to cure, however, is discretionary.

{¶32} On November 8, 2012, the court found that Wick's affidavits of merit were deficient pursuant to Civ.R. 10(D)(2)(a). At that time, the court was required to grant Wick a reasonable time to cure the defect. *See Jarina v. Fairview Hosp.*, 8th Dist. Cuyahoga No. 91468, 2008-Ohio-6846 (court required to grant extension to cure defect in affidavits of merit even when affidavits are filed subsequent to the complaint and pursuant to an extension granted under Civ.R. 10(D)(2)(b)). Therefore, we conclude that the trial court erred in granting Appellees' motions to dismiss without first granting Wick a reasonable opportunity to refile affidavits of merit in compliance with Civ.R. 10(D)(2)(a).

{¶33} For the reasons outlined above, Wick's assignment of error is sustained.

III

{¶34} Wick's sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____
BETH WHITMORE
FOR THE COURT

HENSAL, J.
CONCURS.

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

BRUCE TYLER WICK, Attorney at Law, for Appellant.

LESLIE M. JENNY and JASON P. FERRANTE, Attorneys at Law, for Appellee.

JONATHAN W. PHILLIP, Attorney at Law, for Appellee.

MICHAEL P. MURPHY and JUSTIN D. HARRIS, Attorneys at Law, for Appellee.

BRANT E. POLING and ANDREW S. GOOD, Attorneys at Law, for Appellee.