JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Raymond Jarina (Raymond), appeals the trial court's dismissal with prejudice of his medical malpractice action against defendant-appellee Fairview Hospital (Fairview). For the following reasons, we reverse, vacate and remand for further proceedings consistent with this opinion.
 {¶ 2} The facts alleged stem from the medical care and treatment rendered to Raymond while confined at Fairview. Raymond was hospitalized at Fairview between October 30, 2003 and December 29, 2003. During that time period, he alleges that he underwent orthopedic surgery and, after the surgery, he began to experience a problem with his abdomen and digestive system. He further alleges that as a consequence of this problem, which had not yet been diagnosed, he experienced constipation. He further alleges that a nurse or nurses employed at Fairview administered laxatives to Raymond. After the administration of the laxatives, Raymond alleges that he suffered a perforation of his bowel, which required emergency surgery, extensive hospitalization, and additional expenses. He further alleges that he is disabled as a result of the perforation of his bowel.
 {¶ 3} Raymond, along with his wife Katherine Jarina (Katherine), initially commenced an action for medical malpractice, arising out of his care while at Fairview on April 13, 2005, against defendants Fairview and Jeffrey Roberts, M.D., in Cuyahoga County Common Pleas Court Case No. CV-560404. The filing *Page 4 
of that complaint predated the original requirements for filing affidavits of merit in cases presenting medical liability claims as provided in Civ. R. 10(D), which became effective on July 1, 2005. Raymond and Katherine voluntarily dismissed their complaint on November 1, 2006, pursuant to Civ. R. 41(A)(1).
 {¶ 4} The within action, Cuyahoga County Common Pleas Court Case No. CV-639660, was refiled by Raymond and Katherine on October 24, 2007, against defendant Fairview only. The complaint in this case alleges that a breach of the standard of care for Raymond's treatment by the hospital's agents and/or employees was the direct and proximate cause of his personal injuries and her loss of consortium. The filing of the complaint in the instant action and accompanying requirements for filing affidavits of merit under Civ. R. 10(D) was governed by the original version of Civ. R. 10(D) effective July 10, 2005. However, while this case was pending, Civ. R. 10(D) was amended effective July 1, 2007. The new version of Civ. R. 10(D) contained substantial modifications to the original rule regarding the filing of complaints and required affidavits in medical liability claims.
 {¶ 5} A motion for extension of time to file the affidavit of merit required pursuant to Civ. R. 10(D)(2)(b) was attached to Raymond and Katherine's complaint. Attached to this motion was an affidavit of their counsel stating that, since all of the relevant medical records, documents, and depositions necessary *Page 5 
for review were not yet available or received, more time was required in order to obtain the statement of merit.
 {¶ 6} On November 30, 2007, Fairview filed its answer, motion for judgment on the pleadings and brief in opposition to plaintiffs motion for extension of time to file the required affidavit of merit, in which it argued the affidavit attached to Raymond's motion for extension did not establish "good cause" as mandated by Civ. R. 10(D)(2)(c).
 {¶ 7} The trial court did not directly rule on Raymond and Katherine's motion for extension of time, but impliedly granted it when it issued the following entry on January 29, 2008, filed January 30, 2007:
 "PLAINTIFF HAS UNTIL 3/14/08 TO FILE AN AFFIDAVIT OF MERIT. THIS MATTER WAS ORIGINALLY FILED ON 4/13/05 AND PROCEEDED INTO SIGNIFICANT DISCOVERY, WAS DISMISSED AND REFILED 10/24/07. PLAINTIFF HAS HAD AMPLE OPPORTUNITY TO FILE AN AFFIDAVIT OF MERIT. THERE WILL BE NO FURTHER EXTENSIONS GRANTED TO PLAINTIFF TO FILE AN AFFIDAVIT OF MERIT. FAILURE TO FILE SAID AFFIDAVIT BY 3/14/08 WILL RESULT IN THE COURT GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS."
 {¶ 8} Raymond and Katherine filed their affidavit of merit from Carol Miller, R.N., on February 21, 2008. Fairview renewed its motion for judgment on the pleadings on March 17, 2008. The motion challenged the affidavit of merit on the grounds that it failed to identify a qualified expert as defined by Evid. R. 601(D) and Evid. R. 702, and that the affidavit failed to contain opinions *Page 6 
that the standard of care was breached and that the breach caused Raymond's injury.
 {¶ 9} Fairview contended that while nurses are limited to opinions on standard of care, they are precluded from offering testimony on causation or damages under Ohio law. For these reasons, Fairview argued that the affidavit of Carol Miller failed to comply with the stated requirements of Civ. R. 10(D)(2). In the absence of a proper affidavit in support, Fairview reasoned that Raymond and Katherine's refiled complaint failed to state a claim upon which relief may be granted, and hence it should be dismissed on its Civ. R. 12(C) motion.
 {¶ 10} The March 17, 2008 motion interjected a secondary argument that the filing of the insufficient affidavit also violated the order of the court contained in the January 29, 2008 order setting a deadline for the submission of all affidavits as March 14, 2008. However, Fairview's March 17, 2008 motion to dismiss for failure to state a claim was made pursuant to Civ. R. 12(C), motion for judgment on the pleadings as Fairview had already filed its answer herein. Fairview's motion did not refer to Civ. R. 41 provisions regarding motions for failure to prosecute. The motion was made on the ground that Raymond and Katherine's affidavit failed to comply with Civ. R. 10(D) provisions and accompanying case law.
 {¶ 11} The trial court ruled on April 10, 2008, that the first motion for judgment on the pleadings of Fairview filed November 30, 2007, was moot. *Page 7 
However, it granted the renewed motion filed March 17, 2008, by journal entry of April 23, 2008, which stated as follows:
 "D1 FAIRVIEW HOSPITAL RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS, FILED 3/17/08, IS UNOPPOSED AND GRANTED AS PLAINTIFF'S AFFIDAVIT OF MERIT IS UNSUFFICIENT [SIC] UNDER CIV. R. 10 (D)(2)(A) AS THE AFFIDAVIT DOES NOT MEET THE QUALIFICATIONS OF AN EXPERT WITNESS. AS THIS MATTER IS A REFILED CASE, AND CONSIDERING THAT PLAINTIFF'S [SIC] HAS [SIC] BEEN GIVEN NUMEROUS EXTENSIONS OF TIME TO FILE AN APPROPRIATE AFFIDAVIT OF MERIT, THIS MATTER IS DISMISSED WITH PREJUDICE. COURT COST ASSESSED TO THE PLAINTIFF(S)."
 {¶ 12} On May 20, 2008, Raymond filed a timely appeal of the court's order of April 23, 2008, which raises the following sole assignment of error.
 "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS `WITH PREJUDICE.'"
 {¶ 13} In this particular appeal, we must determine whether the trial court properly granted Fairview's motion for judgment on the pleadings based on Civ. R. 10(D)(2). A motion for judgment on the pleadings has been characterized as a belated Civ. R. 12(B)(6) motion, and appellate review is the same, de novo. See Chromik v. Kaiser Permanente, Cuyahoga App. No. 89088, 2007-Ohio-5856, citing Gawloski v. Miller BrewingCo. (1994), 96 Ohio App.3d 160, 163.
 {¶ 14} As a preliminary matter, we note that the trial court in its final judgment entry of dismissal of the complaint improperly intermixed a motion *Page 8 
made by Fairview based on Civ. R. 10(D)(2), with its own Civ. R. 41(B)(1) motion to dismiss for want of prosecution initiated in its January 29, 2007 entry.
 {¶ 15} The procedure for involuntary dismissal on the court's own motion is set forth in Civ. R. 41(B)(1), which provides as follows:
 "(B) Involuntary dismissal: effect thereof.
 "(1) Failure to prosecute.
 Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." (Emphasis added.)
 {¶ 16} It was recently stated by the court in Lipford v. Hanner (June 11, 2007), Stark App. No. 2007CA0061, that
 "Civ. R. 41(B)(1) governs involuntary dismissals. The rule states that where the plaintiff fails to comply with any court order, the court may, after notice to the plaintiff's counsel, dismiss an action or a claim. For purposes of Civ. R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to prosecute, or failure to comply with an order, when counsel has been informed that dismissal is a possibility, and has had a reasonable opportunity to defend against dismissal. Quonset Hut, Inc. v. Ford Motor Company (1997), 80 Ohio St.3d 46, 684 N.E.2d 319, syllabus." Lipford at 4.
 {¶ 17} The underpinning of Civ. R. 41(B)(1) is notice of the exact action the trial court will take so that counsel for a party facing such action has a reasonable opportunity to defend against that exact action. In the instant case, the trial court did not give notice that dismissal with prejudice was a possibility; instead, it stated in its entry that "failure to file said affidavit by 3/14/08 will *Page 9 
result in the court granting defendant's motion for judgment on the pleadings." At the time of the issuance of the court's January 29, 2007 order, the only motion for judgment on the pleadings before the court was Fairview's November 30, 2007 motion for judgment on the pleadings made pursuant to Civ. R. 12(C) and based solely on Civ. R. 10(D). Both versions of Civ. R. 10(D), pre and post July 1, 2007, state that "[a]ny dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits." To wit: without prejudice, as explained further herein. Hence, the trial court, did not properly give notice required by Civ. R. 41(B)(1) of any possible dismissal on the merits with prejudice.
 {¶ 18} Additionally, we find that the trial court should not have made reference to the procedural history in the case, including the observation that a number of extensions of time to file an affidavit of merit were made in the originally filed case that Raymond and Katherine dismissed. The Civ. R. 41(A)(1) dismissal filed by them in Case No. CV-560404 was a voluntary dismissal without prejudice. Under Ohio law such a dismissal causes all proceedings in that case to be treated as a nullity, as if the case had never been filed. See, Central Mutual Ins.Co. v. Bradford-White (1987), 35 Ohio App.3d 26; Hall v. GibsonGreetings, Inc. (S.D.Ohio 1997), 971 F.Supp. 1162.
 {¶ 19} Since the filing of this appeal, the Ohio Supreme Court has provided further guidance to lower courts in analyzing issues raised by virtue of the new *Page 10 
procedures set forth in Civ. R. 10(D)(1)(b) as to affidavits of merit. The decision in Fletcher v. University Hospitals of Cleveland, Slip Opinion No. 2008-Ohio-5379, explains the reasons for the unique procedure set forth in the rule. After summarizing the relatively short procedural history of Civ. R. 10(D)(2), including amendments to the rule effective July 1, 2007, the Supreme Court held in Fletcher that: "Because of the heightened standard imposed by the explicit test of Civ. R. 10(D)(2)(c), now (d), goes directly to the sufficiency of the complaint, a motion to dismiss for failure to state a claim upon which relief can be granted is the proper remedy when the plaintiff fails to include an affidavit of merit."
 {¶ 20} The specific language of Civ. R. 10(D)(2)(d) further provides that "[a]ny dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits."
 {¶ 21} The Supreme Court in Fletcher reversed the trial court for dismissing the complaint unaccompanied by an affidavit of merit with prejudice by stating: "Notwithstanding the appropriateness of the dismissal, the trial court erred in dismissing the case with prejudice. A dismissal with prejudice operates as an adjudication on the merits.Thomas v. Freeman, 79 Ohio St.3d 221, 225, 1997-Ohio-395 ***. It is axiomatic, then, that a dismissal otherwise than on the merits should be without prejudice. Id."
 {¶ 22} The Fletcher decision also provides insight as to how the court viewed its holding as effecting the refiling of medical liability complaints in light *Page 11 
of the varied ways previously complaints are subject to dismissal under various applicable statutes and Civil Rules. See, e.g., Fletcherat ¶ 10.
 {¶ 23} Turning to application of these principles and holding to the present case, we find that the trial court erred in granting Fairview's motion for judgment on the pleadings with prejudice. The exact language of Civ. R. 10(D)(2)(d) mandates that dismissal for failure to comply with this rule must be otherwise than on the merits, i.e., as stated inFletcher ¶ 19, "a dismissal otherwise than on the merits should be without prejudice."
 {¶ 24} The issue as to the sufficiency of the affidavit of merit from Carol Miller, filed February 21, 2008, by Raymond and Katherine, is not before us for review. The only issue in the instant appeal is the propriety of the trial court's dismissal of the complaint.
 {¶ 25} The trial court's entry set forth above found the affidavit of merit to be insufficient or defective for stated reasons in its journal entry of April 23, 2008.
 {¶ 26} Civ. R. 10(D)(2)(e) states as follows:
 "(e) If an affidavit of merit as required by this rule has been filed as to any defendant along with the complaint or amended complaint in which the claims are first asserted against the defendant, and the affidavit of merit is determined by the court to be defective pursuant to the provisions of division (D)(2)(a) of this rule, the court shall grant the plaintiff a reasonable time, not to exceed sixty days, to file an affidavit of merit intended to cure the defect." *Page 12 
 {¶ 27} As the trial court determined the affidavit of merit filed by Raymond and Katherine on February 21, 2008 was defective under Civ. R. 10(D)(2)(a), according to the specific language of Civ. R. 10(D)(2)(e), the trial court must grant Raymond and Katherine "a reasonable time, not to exceed sixty days, to file an affidavit of merit intended to cure the defect."
 {¶ 28} For the foregoing reasons, Raymond's sole assignment of error is sustained. We reverse the trial court and vacate the dismissal with prejudice contained in the April 28, 2008 entry from which Raymond appealed. We further order that the trial court reinstate the instant case and grant Raymond and Katherine a reasonable time, not to exceed sixty days, to file an affidavit of merit to cure the defect in same as found by the trial court in the entry.
Judgment reversed, vacated and remanded.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 13 
 ANN DYKE, J., and MARY J. BOYLE, J., CONCUR *Page 1