[Cite as *Estate of Aukland v. Broadview NH, L.L.C.*, 2017-Ohio-5602.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Estate of Nancy L. Aukland, [c/o Mark Aukland, Executor], | : | |
| | : | |
| Plaintiff-Appellant, | | |
| | : | Nos.  16AP-661 |
| v. | | and    16AP-765 |
| | : | (C.P.C. No. 16CV-4336) |
| Broadview NH, LLC et al., | | |
| | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | | |
| | : | |

D E C I S I O N

Rendered on June 29, 2017

**On brief:** *Law Offices of Stanley B. Dritz, Stanley B. Dritz* and *D. Chadd McKitrick*; *Law Office of Thomas D. Hunter,* and *Thomas D. Hunter,* for appellant. **Argued:** *Thomas D. Hunter.*

**On brief:** *Reminger Co., L.P.A., Robert V. Kish* and *Melvin J. Davis,* for appellee.

APPEALS from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Plaintiff-appellant, the Estate of Nancy L. Aukland, appeals from the August 24 and November 3, 2016 decisions of the Franklin County Court of Common Pleas granting defendants-appellees', Broadview NH, LLC et al. ("appellee"), motion for judgment on the pleadings and denying appellant's Civ.R. 60(B)(5) motion for relief from judgment and motion for reconsideration.  For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2}  This is a refiled medical malpractice action. Appellant alleges that decedent was admitted to The Rehabilitation and Health Center of Gahanna for the periods of

July 3 through July 8, 2013, and July 11 through August 15, 2013. (May 4, 2016 Refiled Compl. at ¶ 14.) Appellant alleges that as a result of the appellee's negligent professional and general care, decedent died on September 6, 2013. (Refiled Compl. at ¶ 2, 20.)

{¶ 3} The trial court noted the following procedural history and facts:

> Plaintiff originally filed its complaint on August 15, 2014, under Case No. 14CVA-8544. * * * Contemporaneously with Plaintiff's complaint, Plaintiff filed a motion for an extension of time to file an affidavit of merit. On August 20, 2014, the Court granted Plaintiff a 90-day extension. On April 7, 2015, Defendants moved to dismiss Plaintiff's complaint on the basis that Plaintiff had failed to submit an affidavit of merit. Plaintiff did not respond. On May 6, 2015, the Court granted Defendants' motion and dismissed Plaintiff's complaint without prejudice.
>
> On May 4, 2016, contemporaneously with re-filing its complaint * * *, Plaintiff moved for a second extension of time to file an affidavit of merit. On May 11, 2016, Defendants filed an objection, noting the previous extension granted by the Court. On May 16, 2016, Plaintiff filed an affidavit of merit from Johanna Ojeda, RN, BSN. Based upon Plaintiff's filing, on June 6, 2016, the Court found Plaintiff's motion for an extension to be moot.
>
> On June 8, 2016, Defendants moved for judgment on the pleadings. Defendants argued that Ojeda's affidavit failed to comply with Civ. R. 10(D)(2) as a nurse is not competent to testify to causation. On June 22, 2016, Plaintiff filed a Motion for Extension of Time to Cure Allegedly Defective Affidavit of Merit. Plaintiff also filed an affidavit of merit from Charles B. [May], D.O., attempting to cure the causation deficiency in Ojeda's affidavit. Defendants objected, arguing that Civ. R. 10(D)(2)(e) permits a plaintiff to cure an affidavit only when filed contemporaneously with a complaint. Plaintiff countered that Civ. R. 10(D)(2)(e) requires the Court to permit a plaintiff to cure an affidavit of merit, regardless of whether such affidavit was filed contemporaneously with a complaint or pursuant to a permitted extension.

(Nov. 3, 2016 Decision and Entry at 1-2.)

{¶ 4} On August 24, 2016, the trial court ruled that:

> The Court further agrees with Defendants that Civ.R. 10(D)(2)(e) is inapplicable in this case. Civ.R. 10(D)(2)(e) requires a court to permit a plaintiff a reasonable period of

time to cure a defective affidavit of merit "[i]f an affidavit of merit as required by this rule has been filed as to any defendant *along with the complaint or amended complaint in which claims are first asserted against that defendant."* (Emphasis added.) The staff notes to Civ.R. 10 similarly state that "Civ.R. 10(D)(2)(e) allows a plaintiff a reasonable time * * * to cure any defects identified by the court in any affidavit *filed with a complaint.*" (Emphasis added.) Here, Plaintiff did not file an affidavit of merit with the complaint in which its claims were first asserted against the Defendants. Plaintiff first asserted its claims against Defendants on August 15, 2014, when it filed its original complaint in Case No. 14CVA—8544. That case was ultimately dismissed, because Plaintiff failed to file an affidavit of merit after being granted an extension of time to do so. Moreover, Plaintiff did not file an affidavit of merit when it re-filed its Complaint in this case on May 4, 2016. Rather, Plaintiff again sought an extension of time to file an affidavit of merit and filed Ms. Ojeda's affidavit 12 days after the re-filed complaint. As Ms. Ojeda's affidavit of merit was not filed with the complaint in which claims were first asserted or the complaint in which claims were re-asserted against Defendants, Civ.R. 10(D)(2)(e) is inapplicable.

(Aug. 24, 2016 Decision and Entry at 4.)

{¶ 5} As such, the trial court granted appellee's motion for judgment on the pleadings and, pursuant to Civ.R. 10(D)(2)(d), noted that the "Court's dismissal operates as a failure otherwise than on the merits." (Decision and Entry at 5.)

{¶ 6} On September 15, 2016, appellant filed a motion with the trial court to vacate the August 24, 2016 ruling pursuant to Civ.R. 60(B)(5) and/or reconsider its decision. On September 20, 2016, appellant filed a notice of appeal of the August 24, 2016 decision and entry, and was assigned case No. 16AP-661. On September 26, 2016, appellant filed a motion with this court to stay all appellate proceedings and to remand the action, on a limited basis, to the trial court for a ruling on post-judgment motions, including the Civ.R. 60(B) motion and motion for reconsideration. On October 14, 2016, we stayed the appellate proceedings, and remanded to the trial court "for the limited purpose of allowing the trial court to rule upon appellant's * * * Civ.R. 60(B) motion." (Oct. 14, 2016 Journal Entry.)

{¶ 7} On November 3, 2016, the trial court ruled on appellant's Civ.R. 60(B) motion for relief from judgment, and the motion to reconsider. The trial court held that:

> Plaintiff has not established that it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and therefore, relief must be denied. *Moore v. Emmanuel Family Training Center, Inc.*, 18 Ohio St.3d 64, 67, 479 N.E.2d 879 (1985).
>
> * * *
>
> Plaintiff moves the Court to reconsider its analysis and conclusions regarding Civ.R. 10(D)(2). For the reasons discussed above, the Court declines to do so.
>
> Accordingly, Plaintiff Estate of Nancy L. Aukland's Motion Pursuant to Ohio Civ.R. 60(B)(5), for Relief From Judgment, Motion for Reconsideration of the Court's August 24, 2016 Decision and Entry Granting Defendants' Motion for Judgment on the Pleadings, and Request for Oral Hearing, Pursuant to Local Rule 21.01, filed September 15, 2016, is hereby DENIED.

(Nov. 3, 2016 Decision and Entry at 4-5.)

{¶ 8} On November 9, 2016, appellant filed a notice of appeal of the November 3, 2016 decision and entry, and was assigned case No. 16AP-765. On November 10, 2016, this court sua sponte consolidated case Nos. 16AP-661 and 16AP-765.

## II. ASSIGNMENT OF ERROR

{¶ 9} Appellant assigns the following errors:

> [I.] THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION, PURSUANT TO OHIO CIV.R. 10(D)(2)(e) FOR EXTENSION OF TIME TO CURE ALLEGEDLY DEFECTIVE AFFIDAVIT OF MERIT.
>
> [II.] THE TRIAL COURT ERRED BY GRANTING APPELLEES' MOTION FOR JUDGMENT ON THE PLEADINGS.
>
> [III.] THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTIONS, PURSUANT TO OHIO CIV.R. 60(B)(5), FOR RELIEF FROM JUDGMENT AND FOR RECONSIDERATION OF AUGUST 24, 2016 DECISION AND ENTRY.

## III. DISCUSSION

{¶ 10} Appellant argues that the trial court erred (1) in denying appellant's motion, pursuant to Civ.R. 10(D)(2)(e), for an extension of time to cure a defective affidavit of merit ("AOM"), (2) in granting appellee's motion for judgment on the pleadings, and (3) in denying appellant's motions for relief from judgment and reconsideration.

### A. Assignment of Error One—Civ.R. 10(D)(2)(e) not applicable

{¶ 11} In *Smith v. Ohio DOT*, 10th Dist. No. 15AP-521, 2015-Ohio-5240, ¶ 6, we recently stated the standard of review for appeals of decisions involving judgment on the pleadings:

> Civ.R. 12(C) states: "After the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings." "In ruling on a motion for judgment on the pleadings, the court is permitted to consider both the complaint and answer." *Peters v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP1048, 2015-Ohio-2668, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 1996 Ohio 459, 664 N.E.2d 931 (1996). When presented with such a motion, a trial court must construe all the material allegations of the complaint as true and must draw all reasonable inferences in favor of the nonmoving party. *Id.*, citing *Pontious* at 570, citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165, 297 N.E.2d 113 (1973); *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581, 2001 Ohio 1287, 752 N.E.2d 267 (2001). The court will grant the motion if it finds, beyond doubt, that the plaintiff can prove no set of facts in support of the claim(s) that would entitle him or her to relief. *Peters,* citing *Pontious* at 570. A judgment on the pleadings dismissing an action is subject to a de novo standard of review in the court of appeals. *Id.*, citing *RotoSolutions, Inc. v. Crane Plastics Siding, L.L.C.*, 10th Dist. No. 13AP-1, 2013-Ohio-4343, ¶ 13, citing *Franks v. Ohio Dep't of Rehab. & Corr.*, 195 Ohio App. 3d 114, 958 N.E.2d 1253, 2011-Ohio-2048, ¶ 5 (10th Dist.).

{¶ 12} Appellant argues that there is no distinction between an affidavit of merit ("AOM") filed with a complaint, or amended complaint, and AOMs filed upon extension of time under Civ.R. 10(D)(2)(b). Specifically, appellant argues that the trial court erroneously designed a distinction between AOMs filed with a complaint and AOMs filed upon extension under Civ. R. 10(D)(2)(c), stating that only AOMs filed at the exact same time as a complaint or amended complaint are subject to the curative provisions provided

by Civ.R. 10(D)(2)(e). Appellant cites three court of appeals decisions in support of its argument: *Jarina v. Fairview Hosp.*, 8th Dist. No. 91468, 2008-Ohio-6846; *Chapman v. S. Pointe Hosp.*, 186 Ohio App.3d 430, 2010-Ohio-152 (8th Dist.); and *Wick v. Lorain Manor, Inc.*, 9th Dist. No. 12CA010324, 2014-Ohio-4329.

{¶ 13} Appellee argues that appellant was not permitted to cure the defective AOM because Civ.R. 10(D)(2)(e) only permits a curative affidavit if an affidavit was filed with a complaint or amended complaint. Appellee urges this court to follow the strict language of Civ.R. 10(D)(2)(e), and hold that appellant was not permitted to cure the later filed defective AOM since an affidavit was not filed with a complaint.

{¶ 14} Civ.R. 10 governs the forms of pleadings. Pertinent to this case, Civ.R. 10(D)(2) addresses the requirements for attachments to pleadings in a medical claim:

> (a) [A] complaint that contains a medical claim * * * shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness meeting the requirements of Evid.R. 702 and, if applicable, also meeting the requirements of Evid.R. 601(D). Affidavits of merit shall include all of the following:
>
> * * *
>
> (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.
>
> (b) The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the complaint. For good cause shown and in accordance with division (c) of this rule, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit, not to exceed ninety days, except the time may be extended beyond ninety days if the court determines that a defendant or non-party has failed to cooperate with discovery or that other circumstances warrant extension.
>
> * * *
>
> (d) An affidavit of merit is required to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of

impeachment. Any dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits.

(e) If an affidavit of merit as required by this rule has been filed as to any defendant along with the complaint or amended complaint in which claims are first asserted against that defendant, and the affidavit of merit is determined by the court to be defective pursuant to the provisions of division (D)(2)(a) of this rule, the court shall grant the plaintiff a reasonable time, not to exceed sixty days, to file an affidavit of merit intended to cure the defect.

{¶ 15} In this case, appellee filed a motion for extension of time to file an AOM along with the refiled complaint. When appellant finally filed an AOM, it was executed by a registered nurse. The affidavit, however, was insufficient because registered nurses are not qualified under Evid.R. 601(D) to execute AOMs in medical claims. *See Frost v. Cleveland Rehab. & Special Care Ctr., Inc.*, 8th Dist. No. 89694, 2008-Ohio-1718, ¶ 19; *Robertson v. Mount Carmel East Hosp.*, 10th Dist. No. 09AP-931, 2011-Ohio-2043, ¶ 30. Appellant did not dispute the defective nature of the AOM at the trial court level.

{¶ 16} The court of appeals cases cited by appellant do, in varying degrees, support its argument. In all three cases an AOM was not filed with the refiled complaint and a defective AOM was filed after requesting an extension. In *Jarina*, the appeal dealt with the trial court having granted defendant's motion for judgment on the pleadings and dismissing the case with *prejudice*. The Eighth District Court of Appeals stated "[t]he only issue in the instant appeal is the propriety of the trial court's dismissal of the complaint." *Id.* at ¶ 24. Ultimately, the court reversed "the trial court and vacate[d] the dismissal with prejudice" based on Civ.R. 10(D)(2)(d) and "reinstate[d] the instant case and grant [appellants] a reasonable time, not to exceed sixty days, to file an affidavit of merit to cure the defect in same as found by the trial court in the entry." *Id.* at ¶ 28. In *Chapman*, the Eighth District essentially followed its prior decision in *Jarina*. In neither case did the court address the issue of whether or not the defective AOM was required to be filed with the complaint, or amended complaint, in order for Civ.R. 10(D)(2)(e) to be applicable.

{¶ 17} In *Wick,* the Ninth District Court of Appeals cites *Jarina* for the proposition that once the trial court found Wick's affidavits deficient, it was "required to grant Wick a

reasonable time to cure the defect." *Id.* at ¶ 32. In addition, in contrast to the trial court in this action, the Ninth District specifically stated:

> The Lorain Manor Defendants argue that Civ.R. 10(D)(2)(e) does not apply because the affidavits of merit filed by Wick were not filed "along with the complaint." Instead, they argue, the affidavits were filed after numerous extensions. In essence, the Lorain Manor Defendants argue that Civ.R. 10(D)(2)(e) does not apply because Wick had already been granted extensions under Civ.R. 10(D)(2)(b). We find their argument unpersuasive.
>
> If the plaintiff does not file an affidavit of merit with the complaint, the plaintiff must file a motion for an extension of time. See Civ.R. 10(D)(2)(b). Only if the court determines that the plaintiff has shown good cause for the extension, will the court grant the plaintiff a reasonable period of time to file an affidavit. Once an affidavit is filed, the court may determine that it does not meet the requirements of Civ.R. 10(D)(2)(a). In that circumstance, the court must grant the plaintiff a reasonable time to cure the defect. See Civ.R. 10(D)(2)(e).

*Id.* at ¶ 29-30.

{¶ 18} In our review of this issue, we acknowledge that the Supreme Court of Ohio has established that "[w]here the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312, 316 (1944), paragraph five of the syllabus; *see Broadmoor Ctr., LLC v. Dallin*, 10th Dist. No. 16AP-428, 2016-Ohio-8541, ¶ 19. The reasoning behind this rule of statutory construction applies equally to the interpretation of the civil rules of procedure. *Gill v. Grafton Corr. Ins.*, 10th Dist. No. 10AP-1094, 2011-Ohio-4251, ¶ 15. "If a rule of civil procedure is unambiguous, a court applies it as written." *Id.,* citing *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, ¶ 22. A court cannot " ' "ignore the plain language of a rule in order to assist a party who has failed to comply with a rule's specific requirements." ' " *Id.,* quoting *Gumins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-941, 2011-Ohio-3314, ¶ 14, quoting *LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, ¶ 23.

{¶ 19} The civil rule at issue in this case, Civ.R. 10(D)(2)(e), clearly and unambiguously provides:

> **If** an affidavit of merit as required by this rule has been filed as to any defendant **along with the complaint or amended complaint in which claims are first asserted against that defendant**, and the affidavit of merit is determined by the court to be defective pursuant to the provisions of division (D)(2)(a) of this rule, the court shall grant the plaintiff a reasonable time, not to exceed sixty days, to file an affidavit of merit intended to cure the defect.

(Emphasis added). The staff notes to Civ.R. 10 likewise state that "Civ.R. 10(D)(2)(e) allows a plaintiff a reasonable time * * * to cure any defects identified by the court in any affidavit **filed with a complaint**." (Emphasis added). Thus, the plain language of Civ.R. 10(D)(2)(e) unequivocally provides that a plaintiff may cure a defective AOM if an affidavit was filed with a complaint. To interpret Civ.R. 10(D)(2)(e) as appellant argues, would effectively remove the bold-faced words above from the rule, i.e., Civ.R. 10(D)(2)(e) would read: "If an affidavit of merit as required by this rule has been filed as to any defendant, and the affidavit of merit is determined by the court to be defective pursuant to the provisions of division (D)(2)(a) of this rule, the court shall grant the plaintiff a reasonable time, not to exceed sixty days, to file an affidavit of merit intended to cure the defect."

{¶ 20} The trial court distinguished the cases cited by appellant by noting that in all three cases the plaintiff had voluntarily dismissed its case prior to refiling the action, wherein the present case appellant's initial complaint had been involuntarily dismissed by the trial court prior to refiling. Appellant has vigorously objected to the trial court's reliance on this distinction. The trial court also ruled based on the plain language of Civ.R. 10(D)(2)(e), and stated that "adopting Plaintiffs interpretation of Civ.R. 10(D)(2)(e) would render the rule a meaningless formality." (Nov. 3, 2016 Decision and Entry at 4.) Upon review, we do not find the distinction between voluntarily and involuntarily dismissed cases to be relevant to our analysis.

{¶ 21} We first note that the *Jarina* and *Chapman* cases cited by appellant simply allowed the plaintiffs in those cases to file curative affidavits without analyzing the requirements of Civ.R. 10(D)(2)(e). *Wick* is, at best, persuasive authority. "We are bound by the decisions of the Supreme Court of Ohio and generally, by past precedent produced by our own district. Decisions from our sister districts, while assistive and many times

highly persuasive, neither bind this court nor the various trial court's within its jurisdiction." *Keytack v. Warren*, 11th Dist. No. 2005-T-0152, 2006-Ohio-5179, ¶ 51. Lastly, regardless of any decision reached by other courts, this court must follow the plain language of Civ.R. 10(D)(2)(e), which unambiguously requires an AOM to be attached to a complaint before it can be cured.

{¶ 22} As such, we agree with the trial court that Civ.R. 10(D)(2)(e) is inapplicable in this case. Here, appellant did not file an AOM when it refiled its complaint. Rather, appellant again sought an extension of time to file an AOM and filed Ms. Ojeda's affidavit 12 days after the refiled complaint. As Ms. Ojeda's AOM was not filed with the refiled complaint in which claims were re-asserted against appellee, Civ.R. 10(D)(2)(e) is inapplicable. The language of Civ.R. 10(D)(2)(e) is plain and unambiguous: a defective AOM may be cured "[i]f an affidavit of merit * * * has been filed as to any defendant along with the complaint or amended complaint in which claims are first asserted against that defendant." In this case, appellant failed to file an AOM along with a refiled complaint. Consequently, appellant was not permitted to take advantage of Civ.R. 10(D)(2)(e) to replace the defective affidavit.

{¶ 23} The trial court correctly interpreted Civ.R. 10(D)(2)(e), and did not err in granting appellee's motion for judgment on the pleadings, and in denying appellant's motion for an extension of time to cure a defective AOM. As such, appellant's first assignment of error is overruled.

## B. Assignment of Error Two—Appellee's Motion for Judgment on the Pleadings was proper

{¶ 24} Appellant argues that the proper remedy for a claim concerning an AOM is a Civ.R. 12(B) motion to dismiss for the failure to state a claim, and not a Civ.R. 12(C) motion for judgment on the pleadings (citing *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, ¶ 13). Here, appellant argues that appellee filed its motion for judgment on the pleadings, pursuant to Civ.R. 12(C), and the trial court erroneously granted the same. Appellant argues that the court must recognize the importance of the relief obtained by appellee and why it was improper. Appellee obtained a judgment on the pleadings, pursuant to Civ.R. 12(C). Appellant alleges that a "judgment" on the pleadings is a matter of law, and therefore this acts as a "judgment" on

the merits of appellant's action, and not a dismissal based on the sufficiency of the complaint itself.

{¶ 25} Appellee argues that courts have consistently recognized that a motion for judgment on the pleadings is akin to a belated Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. Substantively, there is no distinction between the two motions, except that a motion for judgment on the pleadings may be filed after a complaint has been answered.

{¶ 26} In regards to this argument, the trial court stated:

> Finally, Plaintiffs argument that Defendants improperly filed this request as a motion for judgment on the pleadings instead of as a motion to dismiss is without merit. At the time Plaintiff refiled its complaint, it filed a motion for an extension of time to file an affidavit of merit. Therefore, Defendants were required to file an answer to the complaint prior to Plaintiffs filing of the affidavit of merit. Once the answer was filed, the motion for judgment on the pleadings was the proper vehicle to raise the issue with the Court.

(Aug. 24, 2016 Decision and Entry at 5.)

{¶ 27} We agree with the trial court. In *Fletcher*, appellant did not file an AOM with the refiled action, and also did not request an extension of time in which to do so. It appears that appellee filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim prior to any answer being filed. The Supreme Court stated the issues involved:

> The issue before us in this case is one of first impression, wherein we must decide the appropriate procedural steps a defendant must undertake when a plaintiff who brings a medical claim fails to attach an affidavit of merit to the complaint as required by Civ.R. 10(D)(2).
>
> Plaintiff-appellee, Monica Fletcher, would have us find that appellants in this matter should have filed a motion for more definite statement under Civ.R. 12(E). Conversely, defendants-appellants University Hospitals of Cleveland and Dr. Raymond Onders argue that a motion for failure to state a claim upon which relief can be granted, filed under Civ.R. 12(B)(6), is the correct response.
>
> For the following reasons, we hold that the proper response to the failure to file the affidavit required by Civ.R. 10(D)(2) is a motion to dismiss filed under Civ.R. 12(B)(6). We further hold

> that a dismissal of a complaint for failure to file the affidavit required by Civ.R. 10(D)(2) is an adjudication otherwise than on the merits. The dismissal, therefore, is without prejudice. Accordingly, we reverse the judgment of the court of appeals.

*Fletcher* at ¶ 1-3. As such, the issue in *Fletcher* was whether a motion to dismiss or a motion for a more definite statement, was the proper response when a plaintiff fails to attach an AOM to its complaint. The proper response after an answer is filed was not at issue.

{¶ 28} In the present case, because appellant moved for an extension of time to file an AOM, appellee was required to file an answer prior to appellant filing its AOM. As such, a motion for judgment on the pleadings was proper. In addition, appellant's claim that appellee obtained a "judgment" on the merits of appellant's action is contradicted by the trial court dismissing this action, pursuant to Civ.R. 10(D)(2)(d), "as a failure otherwise than on the merits." (Aug. 24, 2016 Decision and Entry at 5.) The trial court did not err in granting appellee's motion for judgment on the pleadings. Appellant's second assignment of error is overruled.

## C. Assignment of Error Three—No Abuse of Discretion

{¶ 29} A motion for relief from judgment is addressed to the sound discretion of the trial court, and a ruling will not be disturbed absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 30} Appellant argues that it should be granted relief from judgment pursuant to Civ.R. 60(B)(5), and the trial court should reconsider its decision, because the trial court arbitrarily created an unjust distinction between this case and other similarly reported cases. Appellant's motions are based on the *Jarina*, *Chapman,* and *Wick* cases which appellant argues "mandates trial courts to allow plaintiffs sufficient time in which to cure allegedly defective affidavits of merit under Rule 10(D)(2)(e)." (Appellant's Brief at 28-29.) Appellant alleges that "[i]nstead of recognizing the clear and established procedure regarding Rule 10(D)(2) and affidavits of merit, the trial court abused its discretion by engaging in an attitude towards Appellant that was unreasonable, arbitrary, and unconscionable." (Appellant's Brief at 29.)

{¶ 31} Appellee argues that appellant's sole basis for seeking relief is based on a disagreement with the trial court's decision, and appellant does not assert any arguments that could not be raised on appeal.

{¶ 32} Civ.R. 60(B)(5) states that a trial court may relieve a party from a final judgment under different grounds including "any other reason justifying relief from the judgment." The Staff Notes to Civ.R. 60(B) expressly state this ground "is intended as a catch-all provision" reflecting "the inherent power of a court to relieve a person from the unjust operation of a judgment."

{¶ 33} In order for a party to obtain relief pursuant to a Civ.R. 60(B) motion, that party must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-51 (1976).

{¶ 34} In regards to appellant's motion to reconsider, we stated in *Yavitch & Palmer Co., L.P.A. v. U.S. Four, Inc.*, 10th Dist. No. 05AP-294, 2005-Ohio-5800, ¶ 10, that:

> Final orders are not subject to motions for reconsideration. *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St. 2d 378, 423 N.E.2d 1105, at fn. 1. Indeed, Civ.R. 60(B) provides that "the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules." Thus, the only motions a trial court may consider and grant to relieve a party from a final order are motions pursuant to Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for new trial), and Civ.R. 60(B) (motion for relief from judgment). *Pitts,* at 380. Notably, this list does not include motions for reconsideration.

In addition, "a motion for reconsideration filed after final judgment is a nullity." *Perritt v. Nationwide Mut. Ins. Co.*, 10th Dist. No. 03AP-1008, 2004-Ohio-4706, ¶ 12.[1]

{¶ 35} Appellant's motion for relief was properly denied, and even if appellant's motion to reconsider were not a nullity, there was no reason for the trial court to reconsider its decision. The trial court correctly applied the plain language of Civ.R.

---

[1] This court has recently reaffirmed that "a motion for reconsideration of a final order in a civil case is a nullity and all judgments or final orders from said motion are also a nullity." *McCualsky v. Appalachian Behavioral Healthcare,* 10th Dist. No. 16AP-442, 2017-Ohio-1064, ¶ 13.

10(D)(2)(e) when it dismissed appellant's refiled complaint. The trial court did not abuse its discretion in overruling appellant's Civ.R. 60(B)(5) motion for relief from judgment and for reconsideration. Appellant's third assignment of error is overruled.

## IV. DISPOSITION

{¶ 36} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, J., concurs.
DORRIAN, J., concurs separately.

DORRIAN, J., concurring separately.

{¶ 37} Because I agree the trial court's decision should be affirmed, I concur with the majority. However, I would affirm on the facts of this case only taking into consideration that (1) the original complaint was previously involuntarily dismissed for lack of an affidavit of merit after the court had granted a continuance of 90 days to submit such affidavit, and (2) appellant failed to file an affidavit of merit with the complaint before us which was refiled one year after dismissal of the original complaint

———————————