[Cite as *Estate of Aukland v. Broadview NH, L.L.C.*, 2017-Ohio-7332.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Estate of Nancy L. Aukland,<br>[c/o Mark Aukland, Executor], | : | |
| | : | |
| Plaintiff-Appellant, | | |
| | : | Nos.   16AP-661 |
| v. | | and    16AP-765 |
| | : | (C.P.C. No. 16CV-4336) |
| Broadview NH, LLC et al., | | |
| | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | | |
| | : | |

D E C I S I O N

Rendered on August 24, 2017

*Law Offices of Stanley B. Dritz, Stanley B. Dritz* and *D. Chadd McKitrick*; *Law Office of Thomas D. Hunter,* and *Thomas D. Hunter,* for appellant.

*Reminger Co., L.P.A., Robert V. Kish* and *Melvin J. Davis,* for appellee.

ON MOTION TO CERTIFY A CONFLICT

HORTON, J.

{¶ 1}  Plaintiff-appellant, Estate of Nancy L. Aukland ("appellant"), has filed a motion for an order certifying a conflict between our decision in *Estate of Aukland v. Broadview NH, LLC*, 10th Dist. No. 16AP-661, 2017-Ohio-5602, and  opinions issued by the Eighth District Court of Appeals in *Jarina v. Fairview Hosp.*, 8th Dist. No. 91468, 2008-Ohio-6846, and *Chapman v. S. Pointe Hosp.*, 8th Dist. No. 92610, 2010-Ohio-152; and the Ninth District Court of Appeals in *Wick v. Lorain Manor, Inc.*, 9th Dist. No. 12 CA 10324, 2014-Ohio-4329. Defendant-appellee, Broadview NH, LLC et al. ("appellee"), opposes the motion.  For the reasons that follow, we grant appellant's motion to certify.

## I. THE ESTATE OF AUKLAND DECISION

{¶ 2}   The background of this case is fully set forth in the *Estate of Aukland* decision. However, the following facts are pertinent to appellant's motion to certify. Appellant originally filed this medical malpractice and wrongful death action on August 15, 2014. Contemporaneously with the complaint appellant filed a motion for an extension of time to file an affidavit of merit ("AOM"), which was granted.  On April 7, 2015, appellee moved to dismiss the complaint on the basis that appellant had failed to submit an AOM. Appellant did not respond. On May 6, 2015, the trial court granted appellee's motion and dismissed appellant's complaint without prejudice.

{¶ 3}   On May 4, 2016, contemporaneously with refiling its complaint, appellant moved for a second extension of time to file an AOM. On May 16, 2016, appellant filed an AOM from nurse Johanna Ojeda, and the trial court subsequently found appellant's motion for an extension to be moot.

{¶ 4}   On June 8, 2016, appellee moved for judgment on the pleadings, arguing that Ojeda's affidavit failed to comply with Civ.R. 10(D)(2), as a nurse is not competent to testify as to causation. On June 22, 2016, appellant filed a motion for extension of time to cure an allegedly defective AOM pursuant to Civ.R. 10(D)(2)(e). Appellee objected, arguing that Civ.R. 10(D)(2)(e) permits a plaintiff to cure an AOM only when filed contemporaneously with a complaint. Appellant countered that Civ.R. 10(D)(2)(e) requires the trial court to permit a plaintiff to cure an AOM, regardless of whether such affidavit was filed contemporaneously with a complaint or pursuant to a permitted extension.

{¶ 5}   On August 24, 2016, the trial court ruled that Civ.R. 10(D)(2)(e) was inapplicable in this case because the rule requires a court to permit a plaintiff a reasonable period of time to cure a defective AOM if an AOM, as required by this rule, has been filed along with the complaint or amended complaint in which claims are first asserted against that defendant. The court noted that appellant did not file an AOM with the complaint in which its claims were first asserted against the appellee, and did not file an AOM when it refiled its complaint. As such, the trial court granted appellee's motion for judgment on the pleadings and, pursuant to Civ.R. 10(D)(2)(d), noted that the "Court's dismissal

operates as a failure otherwise than on the merits." (Aug. 24, 2016 Decision and Entry at 5.)

{¶ 6} In *Estate of Aukland*, we agreed with the trial court. We noted that Civ.R. 10(D)(2)(e) clearly and unambiguously provides:

> If an affidavit of merit as required by this rule has been filed as to any defendant **along with the complaint or amended complaint in which claims are first asserted against that defendant**, and the affidavit of merit is determined by the court to be defective pursuant to the provisions of division (D)(2)(a) of this rule, the court shall grant the plaintiff a reasonable time, not to exceed sixty days, to file an affidavit of merit intended to cure the defect.

(Emphasis added.) We stated that the plain language of Civ.R. 10(D)(2)(e) unequivocally provides that a plaintiff may cure a defective AOM if an affidavit was filed with a complaint. To interpret Civ.R. 10(D)(2)(e) as appellant argues would effectively remove the bold-faced words above from the rule, i.e., Civ.R. 10(D)(2)(e) would read: "If an affidavit of merit as required by this rule has been filed as to any defendant, and the affidavit of merit is determined by the court to be defective pursuant to the provisions of division (D)(2)(a) of this rule, the court shall grant the plaintiff a reasonable time, not to exceed sixty days, to file an affidavit of merit intended to cure the defect."

{¶ 7} As such, we agreed with the trial court that Civ.R. 10(D)(2)(e) was inapplicable in this case. Consequently, appellant was not permitted to take advantage of Civ.R. 10(D)(2)(e) to cure the defective affidavit.

## II. APPELLANT'S MOTION TO CERTIFY CONFLICT

{¶ 8} The Ohio Constitution, Article IV, Section 3(B)(4), governs motions seeking an order to certify a conflict, providing as follows:

> Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination.

{¶ 9} In *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594 (1993), the Supreme Court of Ohio held that "there must be an actual conflict between appellate judicial districts on a rule of law before certification of a case to the Supreme Court for review and

final determination is proper." *Id.* at paragraph one of the syllabus. The court further stated:

> [A]t least three conditions must be met before and during the certification of a case to this court * * *. First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict *must* be "upon the same question." Second, the alleged conflict must be on a rule of law -- not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

*Id.* at 596.

{¶ 10} Further, factual distinctions between cases are not a basis upon which to certify a conflict. *Semenchuk v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-19, 2010-Ohio-6394, ¶ 4, citing *Whitelock* at 599. " 'For a court of appeals to certify a case as being in conflict with another case, it is not enough that the reasoning expressed in the opinions of the two courts of appeals be inconsistent; the judgments of the two courts must be in conflict.' " *Semenchuk* at ¶ 4, quoting *State v. Hankerson*, 52 Ohio App.3d 73 (2d Dist.1989).

{¶ 11} We first note that a complaint that contains a "medical claim" must include "one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability." Civ.R. 10(D)(2)(a). This heightened pleading requirement is to "deter the filing of frivolous medical-malpractice claims. The rule is designed to ease the burden on the dockets of Ohio's courts and to ensure that only those plaintiffs truly aggrieved at the hands of the medical profession have their day in court." *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, ¶ 10.

{¶ 12} Appellant states that in *Estate of Aukland,* we "held there is a distinction between affidavits of merit filed with a complaint and affidavits of merit filed upon extension under Rule 10(D)(2)(b), stating that only affidavits of merit filed at the exact same time as a complaint or amended complaint are subject to the curative provisions provided by Rule 10(D)(2)(e)." (Mot. to Certify Conflict at 3.) Appellant also argues that we acknowledged in *Estate of Aukland* that our "ruling is in direct conflict with" *Jarina,*

*Chapman*, and *Wick* by stating at ¶ 16 of our opinion that "[t]he court of appeals cases cited by appellant do, in varying degrees, support its argument." *Id.*

{¶ 13} Appellee responds that, "[r]egarding *Chapman* and *Jarina*, this Court properly recognized that neither case addressed the issue of whether or not the defective AOM was required to be filed with the complaint or amended complaint. Furthermore, while the court in *Wick* held that the plaintiff, in that case, was permitted to file a curative affidavit although an affidavit was not filed with the complaint, the court's decision did not contain any analysis of Civ.R. 10(D)(2)(e). * * * As such, this Court's decision contains a legal analysis that was not present in the cases cited by Appellant. And because this Court's decision does not directly conflict with any of the cases cited by Appellant, the request to certify a conflict must be denied." (Memo Contra at 2-3.)

## III. DISCUSSION

{¶ 14} *Estate of Aukland* and the three cases cited by appellant are essentially medical malpractice cases. In all of the cases the action was initiated and then, either voluntarily or involuntarily, dismissed. The cases were then refiled without an AOM being filed along with the complaint. After requesting an extension in which to file the AOM, appellants then filed, or attempted to file, a defective AOM. In determining whether or not to grant appellant's motion to certify a conflict, we will review the facts, holdings, and judgments, as relevant to this motion, of *Jarina*, *Chapman*, and *Wick*.

### A. Jarina

{¶ 15} In *Jarina,* the appellants refiled their case without an AOM, but with a motion for extension of time to file an AOM. Later, appellants filed an AOM from a nurse. Appellee Fairview Hospital renewed its motion for judgment on the pleadings. The motion challenged the AOM on the grounds that it failed to identify a qualified expert as defined by Evid.R. 601(D) and 702, and that the affidavit failed to contain opinions that the standard of care was breached and that the breach caused appellant's injury. *Jarina* at ¶ 8. The trial court granted appellee's motion for judgment on the pleadings because appellant's AOM was insufficient. *Jarina* at ¶ 11.

{¶ 16} The appeals court held that "[a]s the trial court determined the affidavit of merit filed by [appellants] was defective under Civ.R. 10(D)(2)(a), according to the specific language of Civ.R. 10(D)(2)(e), the trial court must grant [appellants] 'a

reasonable time, not to exceed sixty days, to file an affidavit of merit intended to cure the defect.' " *Jarina* at ¶ 27.

{¶ 17} It appears that the issue of whether Civ.R. 10(D)(2)(e) was applicable, since appellant's had not filed an AOM "along with the complaint or amended complaint in which the claims are first asserted," was never raised in this action. In any event, there was no analysis from the court regarding this issue.

## B. Chapman

{¶ 18} Appellant Chapman refiled this wrongful death and medical malpractice action without an AOM and requested an enlargement of time to file an AOM under Civ.R. 10. The trial court granted appellant several extensions. Appellee, South Pointe Hospital, filed a motion to dismiss. *Chapman* at ¶ 5.

{¶ 19} Appellant was granted until November 14, 2008 to respond to appellee's motion to dismiss. On November 12, 2008, appellant filed a motion for leave to file an amended complaint instanter; attached to the amended complaint was an AOM executed by a nurse. Appellee opposed the affidavit as not satisfying the requirement of Civ.R. 10(D)(2) on the ground that a nurse is not qualified to express an opinion on proximate cause in a medical malpractice action. On December 2, 2008, the court granted appellant's leave to file her complaint instanter. On the same date, the court also granted appellee's motion to dismiss. *Id.* at ¶ 6.

{¶ 20} On appeal, appellant's argued that the Eighth District's prior case of *Jarina* was authority for reversing the trial court, pursuant to Civ.R. 10(D)(2)(e), and remanding the case with orders to the trial court to grant the plaintiffs a reasonable period of time, not to exceed 60 days, to file an AOM to cure the defect in the original affidavit. *Id.* at ¶ 23-24.

{¶ 21} The appeals court summarized appellee's argument, and the court's response:

> The hospital contends that Civ.R. 10(D)(2)(e) does not apply to this case because the proposed amended complaint was not the pleading "in which the claims [were] *first* asserted against [it]." (Emphasis added.) *Id.* Specifically, the hospital notes that no affidavit of merit was filed in the first case of April 2006 or this case. In regard to the hospital's citation to the first case, this court held in *Jarina* that because the plaintiffs voluntarily dismissed their case without prejudice, "such a

dismissal causes all proceedings in that case to be treated as a nullity, as if the case had never been filed." (Citations omitted.) *Id.* at P18. See, also, *Stafford v. Hetman* (June 4, 1998), Cuyahoga App. No. 72825, 1998 Ohio App. LEXIS 2402 ("A dismissal without prejudice relieves the court of all jurisdiction over the matter, and the action is treated as though it had never been commenced.") The first filing of this case was similarly dismissed without prejudice and, thus, citation to that first case in this context is not proper.

*Chapman* at ¶ 26.

{¶ 22} The Eighth District then reasoned and held that:

In regard to Chapman's failure to submit an affidavit with this case in May 2007 when she re-filed her action, the same situation essentially existed in *Jarina*. The only difference between *Jarina* and this case is that the plaintiffs in *Jarina* did not file an amended complaint with their affidavit. Here, the affidavit submitted by Chapman was an exhibit to her proposed amended complaint. But the proposed amended complaint was substantively the same complaint as the May 2007 complaint. Thus, this court in Jarina found that Civ.R. 10(D)(2)(e) applied in a situation essentially the same as here. Moreover, we are unable to find any other authority supporting the hospital's position.

In light of the above, although the affidavit in this case was deficient under the requirements of Civ.R. 10(D), Chapman should have been granted an extension of time, not to exceed 60 days, to cure the defect.

*Id.* at ¶ 27-28.

{¶ 23} In *Chapman,* the appeals court followed its own prior case of *Jarina* in reaching its decision. Again, there was no analysis of the wording in Civ.R. 10(D)(2)(e).

## C. Wick

{¶ 24} In *Wick*, no AOM was filed with the refiled case, however, on the same day appellant filed a motion for an extension of time to file the required AOM. The court granted appellant's motion for an extension of time and ordered that an affidavit be filed on or before September 22, 2011. *Id.* at ¶ 3.

{¶ 25} On September 22, 2011, appellant filed an AOM from a nurse and requested an additional 30-day extension to file an affidavit of merit from an out-of-state physician. While the court did not explicitly rule on his motion, appellant filed an affidavit of a

medical doctor on September 26, 2011, and the court considered the affidavit in its later ruling. *Id.* at ¶ 4.

{¶ 26} Appellees all filed motions to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. In their various motions, appellees argued, as relevant here, that the AOMs were insufficient to meet the heightened pleading standard of Civ.R. 10. The court granted appellees' motions to dismiss finding that the two AOMs filed did not meet the pleading requirements of Civ.R. 10(D)(2)(a). *Id.* at ¶ 5.

{¶ 27} On appeal, appellant argued that if the AOMs are deficient, the court erred in failing to grant him time to cure any defect pursuant to Civ.R. 10(D)(2)(e). *Id.* at ¶ 27. Appellees argued that Civ.R. 10(D)(2)(e) did not apply because the AOMs filed by appellant were not filed "along with the complaint." Instead, they argued, the AOMs were filed after numerous extensions. The appeals court found appellees' argument "unpersuasive." *Id.* at ¶ 29.

{¶ 28} The Ninth District reasoned and held as follows:

> If the plaintiff does not file an affidavit of merit with the complaint, the plaintiff must file a motion for an extension of time. See Civ.R. 10(D)(2)(b). Only if the court determines that the plaintiff has shown good cause for the extension, will the court grant the plaintiff a reasonable period of time to file an affidavit. Once an affidavit is filed, the court may determine that it does not meet the requirements of Civ.R. 10(D)(2)(a). In that circumstance, the court must grant the plaintiff a reasonable time to cure the defect. See Civ.R. 10(D)(2)(e).

> Civ.R. 10(D)(2)(b) and Civ.R. 10(D)(2)(e) provide two different types of extensions. Civ.R. 10(D)(2)(b) only gives the plaintiff more time to file an initial affidavit of merit upon the showing of good cause. Civ.R. 10(D)(2)(e), on the other hand, requires the court to grant the plaintiff time to correct a defect in an already filed affidavit if the court determines that the filed affidavit does not meet the requirements of the rule. Under Civ.R. 10(D)(2)(e) the court must grant the plaintiff a reasonable time to cure the defect; what is a reasonable time to cure, however, is discretionary.

> On November 8, 2012, the court found that Wick's affidavits of merit were deficient pursuant to Civ.R. 10(D)(2)(a). At that time, the court was required to grant Wick a reasonable time to cure the defect. *See Jarina v. Fairview Hosp.*, 8th Dist. Cuyahoga No. 91468, 2008-Ohio-6846 (court required to

> grant extension to cure defect in affidavits of merit even when affidavits are filed subsequent to the complaint and pursuant to an extension granted under Civ.R. 10(D)(2)(b)). Therefore, we conclude that the trial court erred in granting Appellees' motions to dismiss without first granting Wick a reasonable opportunity to refile affidavits of merit in compliance with Civ.R. 10(D)(2)(a).

*Id.* at ¶ 30-32.

{¶ 29} In *Wick*, the Ninth District followed the Eighth District's *Jarina* case.

## IV. CONCLUSION

{¶ 30} As opposed to *Estate of Aukland*, in all three cases cited by appellant the appeals court reversed the trial court and remanded the action to allow appellant's to cure defective affidavits, pursuant to Civ.R. 10(D)(2)(e), that were not filed contemporaneously or along with the complaint or refiled complaint. The decisions in *Jarina*, *Chapman*, and *Wick* are in direct conflict with our holding in *Estate of Aukland*, wherein we held that Civ.R. 10(D)(2)(e) is inapplicable because the defective AOM was not filed "along with the complaint or amended complaint in which claims are first asserted against that defendant." As such, we conclude that appellant's motion to certify satisfies the *Whitelock, supra,* test, in that the judgments conflict upon the same question and on a rule of law.

{¶ 31} Therefore, we certify the following rule of law:

> Does a right to "cure" an affidavit of merit under Ohio Civ.R. 10(D)(2)(e) exist only for affidavits that are filed with a complaint or amended complaint or for all affidavits of merit, including those filed by extension under Ohio Civ.R. 10(D)(2)(b)?

## V. DISPOSITION

{¶ 32} Based on the foregoing, appellant's motion to certify a conflict is granted.

*Motion to certify a conflict granted.*

SADLER and DORRIAN, JJ., concur.

———————————